IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| American Efficient LLC and Affirmed Energy LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Federal Energy Regulatory Commission; Mark C. Christie, Willie L. Phillips, David Rosner, Lindsay S. See, and Judy W. Chang, *in their official capacities as Commissioners of the Federal Energy Regulatory Commission*, <br><br> Defendants. | Case No. 1:25-cv-68 <br><br> **DECLARATION OF F. BO CLAYTON JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is F. Bo Clayton Jr. I am the CEO at American Efficient LLC. I submit this declaration in support of plaintiffs' Motion for a Preliminary Injunction. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently under oath to the matters set forth.

2. I have served as the CEO, and previously as the CIO and other finance-related roles, at American Efficient for nearly nine years. In my role at American Efficient, I have managed all aspects of the company's lender relationships. I am familiar with the finances and operations of American Efficient and its subsidiary, Affirmed

Energy LLC. I am also familiar with American Efficient's participation (including through Affirmed Energy) in the wholesale electric capacity markets, including those operated by PJM Interconnection LLC—a regional transmission organization that operates the grid and capacity markets for all or parts of Delaware, Illinois, Indiana, Kentucky, Maryland, Michigan, New Jersey, Ohio, Pennsylvania, Tennessee, Virginia, West Virginia, the District of Columbia, and North Carolina.

3. I have worked in the energy industry for more than 15 years. My degrees include an AB in economics from Harvard College and an MBA from The Wharton School of the University of Pennsylvania. Prior to serving as CEO to American Efficient, I have been involved in the selling, trading, and financing of energy commodities across deregulated markets in the United States.

4. American Efficient was established in 2017, taking over operations of a predecessor entity, Wylan Energy, L.L.C., that was established in 2013. It has operated as one of the nation's largest aggregators of distributed energy resources, which are small-scale energy resources that provide cost and energy savings. American Efficient has participated on the supply side of the PJM wholesale capacity market since 2014 through its subsidiary, Affirmed Energy, and previously, Wylan Energy, L.L.C. It has done so by purchasing exclusive contractual rights to environmental attributes, including capacity reductions for energy efficient products, from "program partners"—normally manufacturers, retailers, and distributors. American Efficient has compensated its

2

program partners with per-unit compensation for each unique energy-efficient product they sell.

5. To participate in the wholesale capacity auctions, American Efficient has had to comply with the requirements of relevant RTO tariffs. In order to satisfy tariff requirements, American Efficient has aggregated, measured, and verified the reductions in capacity it has offered in the supply side of wholesale capacity auctions. That technical and time-consuming process requires, among other things, specialized expertise in methodologies to measure and verify the use and energy savings associated with consumer and commercial products. RTO staff must review and approve American Efficient's projects and measurements and confirm that they are compliant with the tariffs before American Efficient may participate in each capacity auction in the relevant market.

6. PJM is a primary market in which American Efficient has historically operated. In accordance with the PJM tariff, American Efficient has posted significant collateral to support its commitments to deliver capacity reductions. Depending on the level of its participation, for example, American Efficient has posted more than $100 million as collateral to participate in a single auction in the PJM market.

7. FERC recently approved PJM's removal of energy efficiency resources from its capacity market beginning with the auction scheduled to be held in summer 2025 for the 2026/27 Delivery Year. *See PJM Interconnection, L.L.C.*, 189 FERC ¶ 61,095

(2024). Therefore, American Efficient and Affirmed Energy's current business is focused on meeting its existing commitments to the RTO capacity markets and satisfying its obligations to third-party creditors.

8. FERC's Office of Enforcement initiated an investigation into American Efficient and its subsidiaries in May 2021. Based on that investigation, FERC issued an Order to Show Cause to American Efficient and its subsidiaries and affiliates in December 2024 requiring them to show cause why they should not be liable for $722 million in civil penalties and more than a quarter of billion dollars in disgorged revenues.

9. FERC's years-long investigation and the related penalty assessment proceeding initiated by the Order to Show Cause have already inflicted substantial economic, reputational, and other injuries on American Efficient and Affirmed Energy and, if allowed to proceed, will destroy American Efficient's and Affirmed Energy's ability to function as businesses.

10. To begin with, starting in June 2023, PJM has withheld what now amounts to over $100 million of Affirmed Energy's collateral and bonus payments for resources that PJM has already approved and that Affirmed has already delivered—over $70 million of which was due and payable to Affirmed Energy in June 2023. Based on communications with PJM, it is clear that PJM's decisions are directly related to FERC's ongoing proceedings, which I understand to be a significant factor in PJM's determination that Affirmed Energy is an "unreasonable credit risk."

4

11. Because of PJM's retention of collateral, the company's principal lender, which under its financing agreement controls Affirmed Energy's access to and uses of its capacity revenues, has restricted access to those revenues and significantly increased costs, fees, and conditions associated with using that revenue. In addition, Affirmed Energy's principal lender refused to advance further collateral because of PJM's collateral retention. As a result of these conditions, American Efficient and its affiliates' efforts to meet their existing commitments and repay third-party creditors have been hindered.

12. American Efficient and its affiliates have repeatedly approached existing and new third-party lenders and investors for capital to continue operations; only one existing lender was willing to provide short-term financing in exchange for a secured interest in the equity of MIH LLC, one of American Efficient's parent companies.

13. American Efficient is in significant financial distress because of FERC's actions to date. American Efficient currently has less than one million dollars in cash on hand. Affirmed Energy incurs operating expenses of over half-a-million dollars each month to maintain its business operations and defend itself from FERC's claims and PJM's actions. Should the FERC penalty assessment proceeding continue, American Efficient and Affirmed Energy will face insolvency within two to six months because of the escalating costs of defending itself in the FERC proceedings (which American

Efficient will not be able to pay), PJM's refusal to return collateral, and an inability to secure new capital.

14. In addition, because of FERC's investigation, penalty proceeding, and the resulting consequences, American Efficient has cut salaries for all employees and eliminated the positions of the vast majority of its workforce. Should the FERC penalty proceeding continue, American Efficient will soon be required to layoff remaining employees as well.

15. Additionally, if FERC were to assess civil penalties of any order of magnitude similar to those set forth in the Order to Show Cause—which I understand could occur shortly after our response to the Order to Show Cause is due on March 17, 2025—the fact of the assessment would seriously compromise American Efficient and its affiliates' ability to secure needed financing. The assessment of a substantial penalty—one that would exceed American Efficient's ability to pay—would also further harm the company's perceived creditworthiness, something that cannot easily be rebuilt after the fact.

16. The assessment of penalties would thus almost certainly render American Efficient and Affirmed Energy insolvent. The companies lack the resources to pay a penalty on the order of that set forth in the Order to Show Cause, as well the resources to continue to litigate in a subsequent district court action to affirm the penalty. Thus, if a penalty were assessed, the companies would be faced with two equally ruinous options:

6

pay a penalty that exceeds their capital or proceed with further litigation they likewise do not have the resources to fund. The assessment of a penalty by FERC could also trigger defaults under lending agreements.

17. On top of those injuries, left to proceed, FERC's penalty proceeding will cause irreparable damage to American Efficient and Affirmed Energy's business relationships, reputation within the industry, and the goodwill they have established with their program partners and other stakeholders. A penalty assessment by FERC (which, as proposed, is the largest in FERC's history) based on agency findings of market manipulation and tariff violations would all but destroy the companies' reputations and would jeopardize all of the companies' existing and future contractual and business relationships.

18. Without preliminary relief from this Court halting FERC's penalty proceeding, American Efficient and Affirmed Energy will almost certainly cease continuing to operate as going concerns and will not be able to see this litigation through to a final resolution. The very fact of a penalty assessment would force American Efficient and Affirmed Energy to choose between two impossible paths—pay a nearly billion-dollar penalty or proceed with further, lengthy litigation—either path ending in insolvency.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of January 2025 in  Durham, North Carolina

                                                 F. Bo Clayton Jr.

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system and additionally, the foregoing will be served on the following by certified mail:

Office of the Secretary
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

Mark C. Christie
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

Willie L. Phillips
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

David Rosner
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

Lindsay S. See
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

Judy W. Chang
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

U.S. Attorney's Office for the Middle District of North Carolina
Civil Process Clerk
101 S. Edgeworth Street
4th Floor
Greensboro, NC 27401

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

Respectfully submitted this 29th day of January, 2025.

/s/ Mark A. Hiller

Mark A. Hiller
N.C. Bar No. 50004
Robinson, Bradshaw & Hinson, P.A.
1450 Raleigh Road
Chapel Hill, NC 27517
Phone: (919) 328-8800
Fax: (919) 328-8791
mhiller@robinsonbradshaw.com

Cary B. Davis
N.C. Bar No. 36172
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
Phone: (704) 377-2536
cdavis@robinsonbradshaw.com

Seth P. Waxman[*]
Kelly P. Dunbar[*]
Wilmer Cutler Pickering
   Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Phone: (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com

kelly.dunbar@wilmerhale.com

Suedeen G. Kelly*
John N. Estes, III*
Jenner & Block LLP
1099 New York Avenue N.W.
　Suite 900
Washington, D.C. 20001
Phone: (202) 639-6000
skelly@jenner.com
jestes@jenner.com

*Attorneys for Plaintiffs American Efficient LLC and Affirmed Energy LLC*

*Local Rule 83.1(d) special appearance forthcoming.