# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

American Efficient LLC and Affirmed
Energy LLC,

                  Plaintiffs,

      v.

Federal Energy Regulatory Commission,
Mark C. Christie, Willie L. Phillips, David
Rosner, Lindsay S. See, and Judy W. Chang,
*in their official capacities as Commissioners
of the Federal Energy Regulatory
Commission*,

                Defendants.

Case No. 1:25-CV-00068-TDS-JEP

**PLAINTIFFS' REPLY
MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY
INJUNCTION**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I.    American Efficient Is Likely To Succeed On The Merits ...................................... 2

    A.    American Efficient Has Standing ............................................................ 2

    B.    FERC's Civil Penalty Proceeding Violates The Seventh Amendment ..... 5

II.    The Remaining Preliminary Injunction Factors Favor Relief ................................. 9

    A.    Irreparable Harm ..................................................................................... 9

    B.    The Balance Of The Equities ................................................................ 12

    C.    In The Alternative, The Court Could Consolidate The Preliminary Injunction Motion With An Expedited Hearing On the Merits ............. 13

    CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alpine Securities Corp. v. Financial Industry Regulatory Authority*,
    121 F.4th 1314 (D.C. Cir. 2024) ..................................................................... 10

*Axon Enterprise, Inc. v. FTC*,
    598 U.S. 175 (2023) ............................................................................. 3, 4, 10

*Babbitt v. United Farm Workers National Union*,
    442 U.S. 289 (1979) ....................................................................................... 5

*Bowles v. Russell*,
    551 U.S. 205 (2007) ....................................................................................... 8

*Burgess v. FDIC*,
    639 F. Supp. 3d 732 (N.D. Tex. 2022) ........................................................ 10

*CFTC v. Schor*,
    478 U.S. 833 (1986) ....................................................................................... 9

*Collins v. Yellen*,
    594 U.S. 220 (2021) ....................................................................................... 4

*FERC v. Powhatan Energy Fund, LLC*,
    949 F.3d 891 (4th Cir. 2020) ...................................................................... 6, 7

*Hughes Network Systems, Inc. v. InterDigital Communications Corp.*,
    17 F.3d 691 (4th Cir. 1994) ........................................................................ 12

*Leaders of a Beautiful Struggle v. Baltimore Police Department*,
    2 F.4th 330 (4th Cir. 2021) ...................................................................... 9, 13

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010) ....................................................................................... 3

*Murthy v. Missouri*,
    603 U.S. 43 (2024) ......................................................................................... 4

Case 1:25-cv-00068-TDS-JEP    Document 25    Filed 03/10/25    Page 3 of 21

*Outdoor Amusement Business Association, Inc. v. Department of Homeland Security,*
  983 F.3d 671 (4th Cir. 2020) ............................................................................... 4

*SEC v. Jarkesy,*
  603 U.S. 109 (2024) ............................................................................... *passim*

*Seila Law LLC v. CFPB,*
  591 U.S. 197 (2020) ............................................................................... 3

*South Carolina v. United States,*
  912 F.3d 720 (4th Cir. 2019) ............................................................... 3

*Uzuegbunam v. Preczewski,*
  592 U.S. 259 (2021) ............................................................................... 5

## STATUTES, RULES, AND REGULATIONS

5 U.S.C. § 551 ............................................................................................ 6

16 U.S.C. § 823b(d)(3) ........................................................................... 6

Fed. R. Civ. P. 65(a)(2) ......................................................................... 13

Fed. R. Civ. P. 72(b) .............................................................................. 7

## ADMINISTRATIVE DECISIONS

*City Power Marketing,*
  152 FERC ¶ 61,012 (2015) ................................................................... 7

*Coaltrain Energy, L.P.,*
  155 FERC ¶ 61,204 (2016) ................................................................... 6

*ETRACOM,*
  155 FERC ¶ 61,284 (2016) ................................................................... 6

*Houlian Chen Powhatan Energy Fund,*
  151 FERC ¶ 61,179 (2015) ................................................................... 7

iii

*Vitol*,
    169 FERC ¶ 61,070 (2019) ............................................................................. 6

**OTHER AUTHORITIES**

*Assess*, *Black's Law Dictionary* (12th ed. 2024) .................................................. 6

Letter from S. Harris to Sen. Charles Grassley (Feb. 20, 2025),
    https://www.democracydocket.com/wp-
    content/uploads/GkReX9bWEAAVpyK.jpeg/02/2025 ............................................... 13

*Orders to Show Cause Proceedings*,
    FERC, https://www.ferc.gov/orders-show-cause-proceedings ...................................... 4

# INTRODUCTION

Plaintiffs (collectively, "American Efficient") are captive to an ongoing agency proceeding that—in the wake of the Supreme Court's decision in *SEC v. Jarkesy*, 603 U.S. 109 (2024)—is patently unconstitutional. And, as American Efficient has established, the ongoing civil penalty-assessment proceeding poses an imminent, existential threat that risks shuttering American Efficient's operations before it could ever have its claims adjudicated. In these circumstances, all of the preliminary injunction factors weigh heavily in favor of relief, as American Efficient explained in its Motion. Pls.' Mem. in Support of Prelim. Injun., Dkt. 3 ("Mot.").

FERC's Opposition provides no persuasive reason to withhold that relief. Defs.' Opp'n to Pls.' Mot. for Prelim. Inj., Dkt. 19 ("Opp."). FERC's opening contention—that American Efficient suffers no Article III injury from being subject to an unconstitutional, ongoing administrative proceeding that is consuming significant company resources—is as wrong as it is unsupported by Article III case law. On the merits, FERC advances essentially one defense: That its in-house civil penalty proceeding—which could result in a binding order to pay the U.S. Treasury within 60 days, after which interest begins accruing—complies with the Seventh Amendment because, eventually, FERC can bring a separate action in federal court to affirm its civil penalty order (assuming, of course, American Efficient could take the grave risk of violating the order, accruing interest, and

1

waiting for FERC to sue).  FERC cites no authority to justify that extraordinary position, and there is none.  Indeed, FERC's principal defense disregards the pivotal role that the jury trial right "'occupies … in our history and jurisprudence'" as well as the Supreme Court's recognition that "'every encroachment'" of that right should be "'watched with great jealousy.'" *Jarkesy*, 603 U.S. at 121.

Finally, as to the remaining preliminary injunction factors, FERC overlooks established case law confirming that a constitutional injury, especially the denial of a personal constitutional right such as the Seventh Amendment, is irreparable injury without more.  FERC also wrongly discounts the concrete collateral harms to American Efficient caused by FERC's ongoing proceeding—consequences that pose an existential threat to the company.  And FERC fails to address the simple point that there is no public interest in permitting ongoing constitutional violations to continue.

## ARGUMENT

## I. American Efficient Is Likely To Succeed On The Merits

### A. American Efficient Has Standing

FERC's lead argument is that American Efficient lacks standing and that its claim is not ripe because the "core 'injury'" alleged—"assessment of a civil penalty prior to trial in district court"—is speculative.  Opp. 15.  But FERC can take this position only by ignoring American Efficient's actual arguments.  Of course, a civil penalty order would inflict injury in fact.  But whether or not FERC imposes such an order, American

2

Efficient is now suffering two "concrete, particularized, and actual" injuries in fact. *Monsanto Co v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

*First*, subjecting a regulated party to an ongoing, unconstitutional proceeding is a "here-and-now" constitutional injury, *Seila Law LLC v.* CFPB, 591 U.S. 197, 212 (2020)—which is clear from Supreme Court decisions holding that litigants may challenge imminent or ongoing unconstitutional agency proceedings in district court. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 182-183 (2023). And this "here-and-now injury" is certainly ripe: FERC has commenced the civil penalty proceeding, it is ongoing, and American Efficient is compelled to respond to FERC's Order to Show Cause by March 17. Indeed, FERC acknowledges, as it must, that American Efficient is currently subject to a "'contested on-the-record proceeding.'" Opp. 7 (quoting 18 C.F.R. §385.2201(c)(1)(i)(2012)) (cleaned up). Because American Efficient has already "felt in a concrete way" the effects of FERC's unlawful agency proceeding, its claim is ripe. *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019).

Although FERC (wrongly) contends that this "here-and-now injury" is insufficient to establish irreparable harm, Opp. 19-20, it does not even try to explain why such injury is insufficient for Article III standing. Nor could it. Supreme Court precedent is clear that "being subjected to … an illegitimate proceeding" is a cognizable "legal injury,"

3

*Axon*, 598 U.S. at 182, because "having to appear" in an unconstitutional proceeding is a "'here-and-now injury,'" "irrespective of [the] outcome." *Axon*, 598 U.S. at 191-192.

*Second*, and independently, American Efficient has standing because it is presently facing "escalating costs defending itself" in FERC's unlawful civil penalty proceeding. Clayton Decl. (Dkt. 4) ¶ 13. That, too, is an Article III injury because a "[p]ocketbook injury is a prototypical form of injury in fact." *Collins v. Yellen*, 594 U.S. 220. 243 (2021); *cf. Outdoor Amusement Bus. Assoc., Inc. v. Dep't of Homeland Sec.*, 983 F.3d 671, 682 (4th Cir. 2020) (compliance costs are injury for standing purposes). FERC has no answer.

In fact, the civil penalty American Efficient faces establishes standing in yet a third way. To obtain a forward-looking injunction, a plaintiff need only show a "substantial risk that the harm will occur." *Murthy v. Missouri,* 603 U.S. 43, 58 (2024). Here, there is undoubtedly a "substantial risk" that FERC will impose a penalty order. FERC insists that American Efficient cannot estimate the exact amount with certainty, observing that it "frequently departs from Enforcement staff's recommendations, doing so in nearly 40% of the OSC Proceedings presented for its review." Opp. 15. But in the vast majority of those cases, FERC simply reduced the penalty amount, either through agency proceeding or settlement; in only one instance did it issue no penalties and dismiss a show-cause proceeding. *See Orders to Show Cause Proceedings*, FERC,

4

https://www.ferc.gov/orders-show-cause-proceedings (listing "significant orders and federal district court papers related to all matters that have proceeded to Orders to Show Cause") (last updated Feb. 11, 2025). A civil penalty order of any magnitude, of course, would establish standing, because being forced to pay even "one dollar" is enough. *Uzuegbunam v. Preczewski*, 592 U.S. 259, 292 (2021). And even accepting FERC's math, a 60% chance of a significant penalty is still a substantial risk of harm; the risk is certainly not "imaginary or wholly speculative." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979).

### B. FERC's Civil Penalty Proceeding Violates The Seventh Amendment

On the merits, FERC does not dispute that it seeks to impose a legal remedy (a civil penalty) based on causes of action that bear a close relationship to common law claims, and thus that the Seventh Amendment's jury trial right applies to FERC's claims against American Efficient. *See* Mot. 12-19. FERC instead argues only that its civil penalty regime satisfies the Seventh Amendment because *after* FERC "assesses" a civil penalty—directing American Efficient to pay the U.S. Treasury—and only *if* American Efficient disobeys that penalty order, then *FERC* (not American Efficient) can bring a separate action in court to affirm that penalty. The scheme fails to protect American Efficient's jury right, and FERC's contrary arguments are easily dispatched.

*First*, FERC argues that American Efficient was not "compelled" to "defend

5

[itself] before the agency rather than before a jury in federal court." Opp. 17-18. That is simply false. As part of the Order to Show Cause ("OSC") process, American Efficient was already forced to elect one of two unconstitutional agency procedures: the ALJ Pathway or the Prompt Penalty Assessment Pathway. Mot. 7-9. FERC does not dispute that the former fails to provide a jury trial right. As to the Prompt Penalty Assessment Pathway, FERC argues that it "is a district court proceeding," Opp. 18, but that is not true. The Fourth Circuit has described that pathway as involving "extensive factfinding and the application of law to fact" before FERC. *FERC v. Powhatan Energy Fund, LLC*, 949 F.3d 891, 900 (4th Cir. 2020). More than that: Just as the SEC in *Jarkesy* "impose[d]" civil penalties "through its own in-house proceedings," *Jarkesy*, 603 U.S. at 118, FERC by statute must "assess" a penalty "by order." 16 U.S.C. § 823b(d)(3); *see also* 5 U.S.C. § 551(6) (an "order" is a "final disposition"). The words "impose" and "assess" are synonyms, *Assess*, *Black's Law Dictionary* (12th ed. 2024), reflecting the reality that FERC's in-house proceeding renders targets liable to the United States. That is why, as American Efficient has shown and FERC does not contest, FERC's civil penalty orders typically "direct[]" the defendant "to pay the United States Treasury by wire transfer" the assessed penalty, impose a "60 day[]" deadline, and run interest from the date that payment "is due." *Vitol*, 169 FERC ¶ 61,070, P 59 (2019); *see ETRACOM*, 155 FERC ¶ 61,284, P 45 (2016); *Coaltrain Energy, L.P.*, 155 FERC ¶ 61,204, P 94-95

6

(2016); *Houlian Chen Powhatan Energy Fund*, 151 FERC ¶ 61,179, P 62,173 (2015);

*City Power Mktg.*, 152 FERC ¶ 61,012, P 61,074 (2015); Mot. 21-22.

Not only does this in-house proceeding render the respondent liable to the United States, but a respondent has no ability to initiate district court review of the agency's actions. Instead, to get to an Article III court, a respondent is first compelled to participate in the administrative proceeding, wait until FERC adjudicates guilt and issues a penalty order, refuse to pay the assessed penalty (after which interest begins to accrue), then wait for FERC to bring a separate action in federal court, potentially years later. *See Powhatan*, 949 F.3d at 900 (describing a five-year statute of limitations for FERC to bring the action). The idea that *American Efficient's* right to a jury trial could be made to depend on those contingencies, including *FERC's* choice about when to bring an Article III suit, finds no support in precedent or the history of the Seventh Amendment and it clashes with the principle that "every encroachment upon [the Seventh Amendment] has been watched with great jealousy." *Jarkesy*, 603 U.S. at 122.[1]

---

[1] These same points are why FERC's analogy to magistrate judges is misplaced. Opp. 19 n.6. If parties have not consented to proceed before a magistrate judge, magistrate judges issue only "recommended dispositions." Fed. R. Civ. P. 72(b)(1). FERC's assessment orders are the very opposite. Indeed, unlike a magistrate judge's recommended disposition—to which either party may "serve and file specific written objections" with an Article III court, Fed. R. Civ. P. 72(b)—under the Prompt Penalty Assessment Pathway, only FERC may bring an action in district court related to the penalty; a losing respondent can only helplessly wait (all the while accruing interest).

7

*Second*, FERC observes that it is "proceeding in the order directed by Congress." Opp. 18-19. But Congress "cannot 'conjure away the Seventh Amendment by mandating that traditional legal claims be … taken to an administrative tribunal.'" *Jarkesy*, 603 U.S. at 135. FERC cites (Opp. 18) *Bowles v. Russell*, 551 U.S. 205 (2007), but that case— involving Congress's power to set jurisdictional deadlines for notices of appeal—does not suggest Congress may assign common law claims to administrative proceedings in contravention of the Seventh Amendment. *Jarkesy* obviously shows otherwise.

*Third*, FERC asserts that American Efficient can raise its constitutional claims before a district court, if FERC imposes a penalty order that American Efficient refuses to pay and FERC brings a subsequent district court action. Opp. 19. That is irrelevant: Respondents in *Jarkesy* could eventually bring their constitutional claim to an Article III court, but the Supreme Court did not conclude that somehow validated the agency adjudication. *Jarkesy*, 603 U.S. at 135. And, unlike in *Jarkesy*, American Efficient cannot bring an Article III action—it must wait for the agency to do so. *Supra* p. 7.

8

**II.     The Remaining Preliminary Injunction Factors Favor Relief**

**A.     Irreparable Harm**

American Efficient has amply demonstrated the myriad ways that FERC's

unconstitutional adjudication is causing and will continue to inflict irreparable harm

absent preliminary relief.  Mot. 23-27.  FERC's contrary arguments are unavailing.

At the outset, FERC fails to grapple with established Fourth Circuit case law

holding that where, as here, a plaintiff has shown "a likely constitutional violation, the

irreparable harm factor is satisfied." *Leaders of a Beautiful Struggle v. Baltimore Police

Dep't*, 2 F.4th 330, 346 (4th Cir. 2021).  The right to a jury trial is also importantly a

*personal* right and thus aligns with the long line of cases finding that an ongoing or

imminent abridgment of a personal constitutional protection satisfies the irreparable harm

requirement.  *See Jarkesy*, 603 U.S. at 151 (Gorsuch, J., concurring) ("[T]he Seventh

Amendment guarantees Mr. Jarkesy [himself] the right to have his case decided by a jury

of his peers.").  The Seventh Amendment, along with Article III and the Fifth

Amendment, "exist to 'protect the individual'" and their "protections are no less vital

than those afforded by other constitutional provisions." *Id.* at 159 (Gorsuch, J.,

concurring); *see also CFTC v. Schor*, 478 U.S. 833, 848 (1986) (Article III's "guarantee

of an impartial and independent federal adjudication" provides a "personal right" that

"serves to protect primarily personal, rather than structural, interests.").  Those

9

precedents compel the conclusion that the ongoing violation of American Efficient's Seventh Amendment and Article III rights is an irreparable injury.

*Axon* underscores that conclusion. Although FERC responds that *Axon* addressed jurisdiction, not irreparable harm for purposes of a preliminary injunction, Opp. 19-20, FERC fails to explain why that matters. *Axon* held that a person suffers a "'here-and-now injury'" from being subjected to an unconstitutional proceeding that is definitionally irreparable because it is "impossible to remedy once the proceeding is over." *Axon*, 598 U.S. at 191. Nor does *Alpine Securities Corp. v. Financial Industry Regulatory Authority*, 121 F.4th 1314 (D.C. Cir. 2024), help FERC. In *Alpine*, the D.C. Circuit had no occasion to consider Seventh Amendment issues because "Alpine [did] not press its Seventh Amendment claim" on appeal, and thus *Jarkesy* did "not affect [the court's] resolution" of the preliminary injunction. *Id.* at 1324 n.2. At least one other court has recognized that a Seventh Amendment violation, even without more, is irreparable. *See Burgess v. FDIC*, 639 F. Supp. 3d 732, 749 (N.D. Tex. 2022) ("Since the Court has determined that Plaintiff was entitled under the Seventh Amendment to a jury trial [in an FDIC proceeding], the irreparable injury requirement is automatically satisfied without the need to consider Plaintiff's particular showings of irreparable harm.").

Moreover, American Efficient will continue to suffer concrete, real-world injuries absent preliminary relief. FERC purports (Opp. 21) to identify a "critical admission" in

10

American Efficient's description of PJM's continued retention of over $100 million in collateral, suggesting that it is not attributable to the penalty proceeding. That is wrong. "FERC's ongoing proceedings" were "a significant factor in PJM's determination that Affirmed Energy is an 'unreasonable credit risk,'" and thus in its retention of American Efficient's collateral. Clayton Decl. ¶ 10. Indeed, as American Efficient has elsewhere explained, PJM "relied heavily, if not exclusively, on the … prospect of future penalties arising from" the investigation into American Efficient and the possibility of "an adverse outcome … at FERC" in deciding to withhold that collateral. Opp., Ex. 4 (Emergency Complaint Requesting Fast Track Processing, *Affirmed Energy LLC v. PJM Interconnection, LLC*, FERC Dkt. No. EL24-124 (filed July 3, 2024)).

It follows, logically, that a preliminary injunction would remove any defensible basis for PJM withholding the collateral. FERC's contrary argument depends on the mistaken premise that there is a bright line between FERC's antecedent investigation of American Efficient and the ongoing penalty proceeding. PJM's withholding of collateral was based on the risk of a *penalty* following such a proceeding—the anticipated result of the investigation underway when PJM withheld American Efficient's capital. If the penalty proceeding is determined to be unconstitutional, PJM would have no defensible ground to continue to retain American Efficient's collateral.

11

FERC also ignores that PJM's retention of American Efficient's collateral is but one of the many irreparable injuries that will continue absent an injunction. FERC disregards the risk that American Efficient will be rendered insolvent if the penalty proceeding continues, which courts have found to be irreparable injury. *See* Mot. 25-26. Nor does FERC rebut Plaintiffs' showing that the continued proceeding risks irreparable damage to creditworthiness and risks causing a default of lending agreements. *Id.* at 27.

FERC's contention (Opp. 20-21) that "monetary damages generally do not constitute 'irreparable' harm" is irrelevant here, for two reasons. First, as just discussed, the imminently threatened injury is not mere monetary damages but insolvency, which is irreparable. Second, as the cases on which FERC relies acknowledge, monetary harm is not typically irreparable because such harm can usually be "compensated by an award of money damages at judgment." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994). But as American Efficient explained (Mot. 26) and FERC does not contest, sovereign immunity would bar any later recovery against the United States. American Efficient has established irreparable harm multiple times over.

### B.   The Balance Of The Equities

FERC is also wrong that the balance of the equities favors denying an injunction. FERC does not acknowledge, much less respond to, case law holding that an agency has no cognizable interest in violating the Constitution. Mot. 28. FERC's claim (Opp. 23-

24) that preliminary relief would "interfere with [its] congressionally prescribed 'regulatory mission'" does not weigh against a preliminary injunction. Those procedures are unconstitutional, as American Efficient has shown. And because "the public interest favors protecting constitutional rights," the equities favor American Efficient. *Leaders of a Beautiful Struggle*, 2 F.4th at 346. But even if the Court later concludes that FERC's civil penalty proceeding is consistent with the Seventh Amendment, FERC identifies no persuasive or concrete harm that would follow from temporary delay.

### C. In The Alternative, The Court Could Consolidate The Preliminary Injunction Motion With An Expedited Hearing On the Merits

For the reasons explained, FERC has not come close to disputing American Efficient's showing of irreparable injury or the other equitable factors. But to streamline the case, the Court could also consider consolidating a hearing on American Efficient's motion with a merits determination pursuant to Federal Rule of Civil Procedure 65(a)(2). The question presented by Count I of Plaintiffs' complaint (a Seventh Amendment and Article III claim) is a purely legal question that has already been briefed. And although American Efficient did not seek preliminary relief based on Count II (an Article II claim), the Department of Justice has recently taken the position that removal protections like those at issue here are unconstitutional and "the Department will no longer defend them in court." Letter from S. Harris to Sen. Charles Grassley (Feb. 20, 2025), https://www.democracydocket.com/wp-content/uploads/2025/02/GkReX9bWEAA

13

VpyK.jpeg.  With short, supplemental briefing on Count II, the Court could thus consider deciding the entire case expeditiously.

**CONCLUSION**

American Efficient respectfully requests that the Court enter a preliminary injunction setting aside the OSC, enjoining FERC's assessment of a penalty, and enjoining any further enforcement proceedings by FERC against American Efficient.

This the 10th day of March 2025.

Respectfully submitted,

/s/ *Mark A. Hiller*
Mark A. Hiller
N.C. Bar No. 50004
Robinson, Bradshaw &
    Hinson, P.A.
1450 Raleigh Road
Suite 100
Chapel Hill, NC 27517
Phone: (919) 328-8800
mhiller@robinsonbradshaw.com

Cary B. Davis
N.C. Bar No. 36172
Robinson, Bradshaw &
    Hinson, P.A.
600 S. Tryon St.
Suite 2300
Charlotte, NC 28202
Phone: (704) 377-2536
cdavis@robinsonbradshaw.com

14

Seth P. Waxman*
Kelly P. Dunbar*
Wilmer Cutler Pickering
    Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Phone: (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
kelly.dunbar@wilmerhale.com

Suedeen G. Kelly*
John N. Estes*
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Phone: (202) 639-6044
Fax: (202) 639-6066
skelly@jenner.com
jestes@jenner.com

*Attorneys for Plaintiffs American
Efficient LLC and Affirmed
Energy LLC*

* Specially appearing pursuant to
Local Rule 83.1(d)

15

## CERTIFICATION OF WORD COUNT

I hereby certify that this brief complies with Local Rule 7.3(d) and that this brief does not exceed 3,125 words.

/s/ *Mark A. Hiller*
Mark A. Hiller