**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| American Efficient LLC and Affirmed Energy LLC, | |
| Plaintiffs, | Case No. 1:25-CV-68 |
| v. | |
| Federal Energy Regulatory Commission, Mark C. Christie, Willie L. Phillips, David Rosner, Lindsay S. See, and Judy W. Chang, *in their official capacities as Commissioners of the Federal Energy Regulatory Commission*, | **PLAINTIFFS' OPPOSITION TO CITIZENS UTILITY BOARD OF ILLINOIS'S MOTION TO INTERVENE** |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................... iii

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 2

LEGAL STANDARD ................................................................................................ 3

ARGUMENT ............................................................................................................. 3

I.  CUB Has No Right To Intervene In The Preliminary Injunction Proceeding ......... 3

II.  Regardless, CUB's Motion Should Be Denied ......................................... 6

A.  CUB Has No Significantly Protectable Interest .................................. 6

B.  CUB Has Not Shown That FERC Is Not Adequately Representing Its Alleged Interest ..................................................................................... 10

C.  Permissive Intervention Is Also Unwarranted ................................... 12

CONCLUSION ................................................................................................ 15

Case 1:25-cv-00068-TDS-JEP    Document 28    Filed 03/20/25    Page 2 of 21

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alt v. EPA*, 758 F.3d 588 (4th Cir. 2014) ........................................................................ 3

*American College of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282 (D. Md. 2020) .......................................................................................... 10

*Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022) ............................................................................................................... 13

*DeOtte v. Azar*, 332 F.R.D. 173 (N.D. Tex. 2019) ........................................................ 13

*Diamond v. Charles*, 476 U.S. 54 (1986) ..................................................................... 13

*East Bay Sanctuary Covenant v. Biden*, 102 F.4th 996 (9th Cir. 2024) ......................... 12

*Green v. Bell*, 2023 WL 2572210 (W.D.N.C. March 20, 2023) ..................................... 14

*Mausolf v. Babbitt*, 85 F.3d 125 (8th Cir. 1996) ........................................................... 15

*Medical Liability Mutual Insurance Co. v. Alan Curtis LLC*, 485 F.3d 1006 (8th Cir. 2007) ....................................................................................................... 8

*North Carolina State Conference of NAACP v. Cooper*, 332 F.R.D. 161 (M.D.N.C. 2019) .................................................................................................. 11

*Ohio Valley Environmental Coalition, Inc. v. McCarthy*, 313 F.R.D. 10 (S.D. W. Va. 2015) .............................................................................. 6, 7, 10

*Smith v. Pennington*, 352 F.3d 884 (4th Cir. 2003) ....................................................... 13

*Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013) ................................................. 3, 5, 11, 12, 14

*Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991) ............................................................. 6

*Tillman Infrastructure LLC v. Bd. of Supervisors of Culpeper Cnty.*, 2022 WL 1540344 (W.D. Va. May 16, 2022) ........................................................... 13

*Ungar v. Arafat*, 634 F.3d 46 (1st Cir. 2011) ................................................................. 8

*United States v. City of New York*, 198 F.3d 360 (2d Cir. 1999) .................................. 7, 9

iii

*United States v. Metropolitan St. Louis Sewer District*, 569 F.3d 829 (8th Cir. 2009) ......................................................................................... 7, 9

*United States v. North Carolina*, 2014 WL 494911 (M.D.N.C. Feb. 6, 2014) ...................................................................................................... 12

*United States v. Philip Morris USA Inc.*, 566 F.3d 1095 (D.C. Cir. 2009) ........................ 7

*United States v. Texas*, 599 U.S. 670 (2023) ................................................ 7, 11

## ADMINISTRATIVE DECISIONS

*Energy Transfer Partners, L.P.*, 121 FERC ¶ 61,282 (Dec. 20, 2007) ............................... 8

*Total Gas & Power Northern America, Inc.*, 155 FERC ¶ 61,105 (Apr. 28, 2016) ....................................................................................................... 8

*Total Gas & Power Northern America, Inc*, 190 FERC ¶ 61,014 (Jan. 10, 2025) ....................................................................................................... 8

## RULES AND REGULATIONS

18 C.F.R. § 385.214 ........................................................................................ 8

Fed. R. Civ. P. 24 ................................................................................... *passim*

## OTHER AUTHORITIES

*Participation in Midcontinent Independent System Operator (MISO) Processes*, FERC, https://www.ferc.gov/participation-midcontinent-independent-system-operator-miso-processes#:~:text=A.,system%20operates%20reliably%20and%20safely (last visited Mar. 13, 2025) .......................................................................... 14

*PJM*, FERC, https://www.ferc.gov/industries-data/electric/electric-power-markets/pjm#:~:text=In%20 managing%20the%20grid%2C%20PJM,and%20the%20District%20of %20Columbia (last visited Mar. 13, 2025) .................................................. 14

## INTRODUCTION

Plaintiffs (collectively, "American Efficient") oppose Citizens Utility Board of Illinois's ("CUB") Motion to Intervene, Dkt. 22, 22-1 ("Intervention Motion"). American Efficient's preliminary injunction motion explains that the Federal Energy Regulatory Commission's ("FERC") ongoing penalty-assessment proceeding threatens soon to render it insolvent. American Efficient's Mem. in Supp. of Prelim. Inj., Dkt. 3 ("PI Motion"), at 24. But CUB's Motion—filed more than a month after the Complaint and PI Motion—risks delay in this Court's ruling on urgently needed preliminary relief. That alone provides sufficient grounds for this Court to deny the Motion, or at least to delay adjudicating it until after this Court rules on the PI Motion. And, in fact, CUB's briefing demonstrates that, at the very least, it cannot satisfy the Federal Rule of Civil Procedure 24(a) standards for intervention with respect to the PI Motion, because its purported divergence of interest with FERC—over statutory removal protections and Article II—is not at issue in the PI Motion, which focuses only on Seventh Amendment and Article III constitutional defects in FERC's proceedings.

More generally, CUB cannot satisfy Rule 24's intervention standards. It has no protectible legal interest in the case, nor has it shown that FERC cannot adequately represent whatever interest it does have. Permissive intervention should be rejected for similar reasons, as it would cause undue delay and result in nothing but duplicative briefing and inefficiency. If CUB believes it has a valuable perspective to share on

1

FERC's defense of its own constitutional authority, it may seek leave of this Court to submit an amicus brief at an appropriate time.

## FACTUAL BACKGROUND

American Efficient filed its Complaint and PI Motion on January 29, 2025, explaining that it faces imminent, irreparable harm from FERC's ongoing, unconstitutional penalty-assessment proceeding. Dkts. 1, 3. Though its Complaint includes two counts—one based on the Seventh Amendment and Article III of the U.S. Constitution and the other on Article II—American Efficient's PI Motion seeks immediate relief based only on the former. The parties jointly moved for a briefing schedule to ensure that the PI Motion would be ready for prompt resolution, Dkt. 15, which this Court approved on February 12, 2025, Dkt. 16. Pursuant to that briefing schedule, the PI motion is now fully briefed and ripe for adjudication.

After FERC's Opposition was filed, and only six days before American Efficient's Reply was due, CUB submitted both its Intervention Motion and, despite not having obtained party status, a Proposed Opposition to the PI Motion. Dkts. 22, 22-6. At its core, the Intervention Motion argues that CUB is entitled to intervene because it represents utility consumers and because FERC may not adequately represent its interests in light of the Department of Justice's statements in other proceedings that it will not defend for-cause removal protections similar to those at issue in American Efficient's Article II challenge here. *See* Intervention Mot. 7-11.

2

## LEGAL STANDARD

To intervene as a matter of right, a movant must show "an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (citing Fed. R. Civ. P. 24(a)(2)). If a movant cannot make those showings, "a court may still allow" permissive intervention, *id.*, but only if the movant "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and if such intervention would not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). As to both intervention as of right and permissive intervention, a motion must be "timely." Fed. R. Civ. P. 24(a), (b)(1).

## ARGUMENT

### I. CUB Has No Right To Intervene In The Preliminary Injunction Proceeding

To start, whether or not CUB should be permitted to intervene at any stage of this litigation (it should not, as explained below), it certainly has no right to intervene for purposes of resolving American Efficient's PI Motion. That is because, with respect to resolution of the PI Motion, CUB cannot show that its Motion is "timely" or that FERC will not "adequately represent" its interests. Fed. R. Civ. P. 24(a).

A. In determining whether intervention is timely, courts consider "how far the underlying suit has progressed," "the prejudice any resulting delay might cause the other parties," and "why the movant was tardy in filing its motion." *Alt v. EPA*, 758 F.3d 588,

3

591 (4th Cir. 2014). All three factors compel the conclusion that CUB's effort to intervene for purposes of the preliminary injunction proceeding is untimely.

*First*, CUB did not file its Motion until well into the PI briefing schedule. American Efficient filed its Complaint and PI Motion on January 29, 2025. On February 10, 2025, American Efficient and FERC filed a joint motion to expedite and set a briefing schedule, Dkt. 15, which the Court adopted, Dkt. 16. Pursuant to that schedule, FERC's Opposition was filed on March 3, Dkt. 19, with American Efficient's Reply to be filed on March 10, Dkt. 25. Yet, CUB waited until March 4, 2024—more than a month after the PI was filed, after FERC filed its Opposition, and less than a week before American Efficient's Reply was due—to move to intervene. Not only did CUB seek to intervene, it submitted a procedurally improper "Proposed Opposition" to the PI Motion. Dkt. 22-6; *cf.* Fed. R. Civ. P. 24(c) (requiring an intervention motion to "be accompanied by a pleading," with no mention of proposed oppositions). In moving to intervene only days before American Efficient's Reply was due and without regard to the agreed-upon schedule approved by the Court for resolution of the PI Motion, CUB's Motion and Proposed Opposition simply came too late.

*Second*, the prejudice from allowing CUB to intervene now with respect to the PI Motion underscores the untimeliness of the Intervention Motion. American Efficient faces imminent irreparable harm. Beyond the irreparable injury of being subject to an unconstitutional administrative proceeding, American Efficient is at significant risk of insolvency absent prompt relief. *See* PI Mot. 23-24. Entertaining intervention at this

4

stage and allowing CUB's Proposed Opposition to be filed would risk undue delay of resolution of the PI Motion. That is both because addressing the Intervention Motion now would needlessly divert the Court's time and energy and because completing briefing (and potential argument) on the Intervention Motion would delay resolution of the more urgent preliminary injunction proceeding.

*Third*, CUB's defense of its delay is unsound with respect to the PI Motion. It asserts that it initiated steps to intervene after the "Department of Justice conveyed its intention not to defend statutes like those at issue," Intervention Mot. 7, referring to statements related to defending the constitutionality of for-cause removal protections under Article II, *see id.* at 4-5. But, as discussed below, the PI Motion and CUB's Proposed Opposition focus exclusively on American Efficient's claim under *Jarkesy* and Article III, *not* on the claim challenging removal protections under Article II. Thus, CUB's excuse for delay has no logical application to the PI Motion.

B. For similar reasons, CUB's arguments regarding the adequacy of representation simply do not apply to the preliminary injunction stage of this proceeding. As the Fourth Circuit has held, "when a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government." *Stuart*, 706 F.3d at 351. And here FERC has fully defended the constitutionality of its penalty-assessment proceeding against American Efficient. Dodging that fact, CUB argues that FERC does not adequately represent its interests because of the Department of Justice's statements in other cases that it will not defend for-cause removal protections. Intervention Mot. 11.

5

But that has *nothing* to do with the PI Motion, which involves only American Efficient's Seventh Amendment and Article III claim. CUB has identified no defensible reason FERC has not or cannot represent its interests for purposes of the PI Motion. Indeed, it is not at all clear that CUB has any cognizable interest in the preliminary injunction proceeding itself; if American Efficient is successful in preliminarily enjoining FERC's penalty proceeding, CUB offers no reason why staying that proceeding pending a final resolution of the case would prejudice CUB in any respect.

\* \* \*

In short, because of the significant prejudice that would result from intervention at this stage and because CUB has failed to show that its interests are not adequately represented with respect to the PI Motion, this Court should, at minimum, defer resolving the Intervention Motion until after resolving the PI Motion.

## II. Regardless, CUB's Motion Should Be Denied

### A. CUB Has No Significantly Protectable Interest

"While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that '[w]hat is obviously meant ... is a significantly protectable interest.'" *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). A movant "has a significantly protectable interest in an action if it 'stand[s] to gain or lose by the direct legal operation' of a judgment in that action." *Ohio*

*Valley Env't Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 18 (S.D. W. Va. 2015).[1]  Conversely, a movant lacks a significantly protectable interest when, among other things, its interest is "only collaterally related to the subject matter" of the action, *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999), when the proposed intervenor would not "gain or lose directly by the disposition of this case," *Ohio Valley*, 313 F.R.D. at 21, or when the proposed intervenor possesses merely "an undifferentiated, generalized interest in the outcome of an ongoing action," *id* at 19.

Those principles are dispositive here.  At bottom, CUB seeks to intervene so that FERC's penalty proceeding action against American Efficient may proceed.  But, as the Supreme Court recently reiterated in the context of Article III standing, "in 'American jurisprudence at least,' a party 'lacks a judicially cognizable interest in the prosecution ... of another.'"  *United States v. Texas*, 599 U.S. 670, 677 (2023).

That basic rule holds true even where, as here, a party speculates that it stands to gain in some way through the enforcement action.  CUB nonetheless claims an interest in the case based on speculation that any disgorgement may ultimately be paid to Illinois utility consumers.  Intervention Mot. 8.  But that interest is insufficient to intervene right

---

[1] Although the Fourth Circuit does not appear to have resolved the question, American Efficient preserves the argument that Article III standing should also be required to intervene.  *See United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) ("[A] party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24"); *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1145 (D.C. Cir. 2009) (similar).  Because the Article III inquiry and the protectable interest inquiry in this case largely overlap, the Court need not decide the question.

7

out of the gate because it is too contingent and speculative. *See Ungar v. Arafat*, 634 F.3d 46, 51-52 (1st Cir. 2011) ("An interest that is too contingent or speculative … cannot furnish a basis for intervention as of right."); *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) ("An interest that is 'contingent upon the occurrence of a sequence of events before it becomes colorable' is … not sufficient to satisfy Rule 24(a)(2)."). Even when FERC has ordered disgorgement in the past, those profits are not always paid to Regional Transmission Organizations or, ultimately, to consumers. *Compare Total Gas & Power N. Am. Inc.*, 155 FERC ¶ 61,105 (Order to Show Cause seeking disgorgement) (Apr. 28, 2016) *with Total Gas & Power N. Am., Inc.*, 190 FERC ¶ 61,014 (Jan. 10, 2025) (consent agreement providing for payment to non-governmental organizations). CUB's claimed interest thus rests on conjecture.

Reinforcing that CUB has no legally protectable interest here, FERC in its enforcement proceedings does *not* permit intervention, in departure from its normally liberal intervention rules. *See* 18 C.F.R. § 385.214(a)(4) ("No person … may intervene as a matter of right in a proceeding arising from an investigation pursuant to Part 1b of this chapter."). FERC follows this rule precisely because it recognizes, consistent with the centuries-old approach of American law, that third parties do not have a legally protectable interest in the prosecution of another and that permitting such intervention risks prejudice, delay, and unnecessary complexity. *See, e.g.*, *Energy Transfer Partners, L.P.*, 121 FERC ¶ 61,282, at P 19 (2007) ("[A]llowing parties to intervene during an enforcement action potentially would be contrary to the public interest and would

8

interfere with the Commission considering issues in a timely and judicious manner. This is because in such an enforcement proceeding, the Commission is considering closely the particular actions/inactions, rights, obligations and, potentially violations and penalties of the subject party[.] … Allowing third parties to intervene in enforcement proceedings in pursuit of their own objectives could delay or sidetrack a proceeding extending or even creating additional uncertainty for the subject party."). The same is true here.

In addition, even if (counterfactually) CUB had a legally protectable interest in FERC's enforcement against American Efficient, this case does not involve the merits of FERC's claims against American Efficient but rather the more general constitutionality of FERC's investigative and penalty-assessment procedures. Those constitutional questions have at best a collateral connection to CUB's claimed interest in disgorgement. And CUB's purported interest in those questions is both generalized and abstract.

Courts have rejected intervention in analogous circumstances. The Second Circuit, for example, affirmed denial of a motion to intervene where a group asserted "the financial interest of water ratepayers," because the action concerned compliance with federal law; any resulting increase in cost was an insufficiently direct, collateral effect to support intervention. *City of New York*, 198 F.3d at 365. Similarly, the Eighth Circuit rejected an intervention motion by an organization representing utility consumers where resolution of the matter could impact its members in the form of "increased user rates and fees for its members," but the organization "claim[ed] no direct interest in whether the [defendant was] found to have violated the Clean Water Act." *United States v. Metro. St.*

9

*Louis Sewer Dist.*, 569 F.3d 829, 833, 840 (8th Cir. 2009); *see also Ohio Valley*, 313

F.R.D. at 22-23 (denying intervention where alleged interest was "contingent upon

several steps" of agencies' decisions).

Here, any future impact on Illinois ratepayers is many steps removed from this

case, which involves the constitutionality of FERC's investigative and penalty-

assessment powers as applied to American Efficient. The speculative nature of CUB's

claimed interest defeats entitlement to intervention as of right. And the fact that CUB's,

at best, round-about interest in this case is shared by any utility ratepayer in significant

swaths of the country underscores why its interest is "undifferentiated" and

"generalized." *Ohio Valley*, 313 F.R.D. at 19; *see* Intervention Mot. 5 (claiming the

lawsuit threatens to "halt a determination whether [American Efficient] owes" profits "to

ratepayers in Illinois ... *and the rest of the PJM and MISO regions*") (emphasis added).[2]

## B. CUB Has Not Established That FERC Is Not Adequately Representing Even Its Alleged Interest

CUB's attempt to intervene additionally fails because FERC adequately represents

the only purported interests that CUB has asserted. As CUB concedes, the Fourth Circuit

has recognized a "presumption of adequate of representation where an intervenor has the

---

[2] CUB also points to a general interest in FERC's ability to enforce regulations,
Intervention Mot. 8-9, and a broad interest in appearing before FERC proceedings, *id.* at
9-10. But these interests, too, are not different from those of the general public and
would permit essentially any utility consumer to intervene as of right. *See Ohio Valley*,
313 F.R.D. at 19; *see also American Coll. of Obstetricians & Gynecologists v. FDA*, 467
F. Supp. 3d 282, 289 (D. Md. 2020) ("[B]roader policy interests ... cannot serve as a
basis for mandatory intervention.").

10

'same ultimate objective' as a party."  Intervention Mot. 10.  To overcome this presumption, a proposed intervenor must demonstrate "'adversity of interest, collusion, or nonfeasance.'"  *Stuart*, 706 F.3d at 349.  And additionally, "a more exacting showing of inadequacy" is required when a proposed intervenor "shares the same objective as a government party"—the "most natural party to shoulder the responsibility of defending" against a "constitutional challenge."  *Id.* at 351.

Those presumptions apply here and compel denial of intervention.  CUB has not attempted to show collusion or nonfeasance.  Instead, CUB argues only that its interests are not aligned with FERC's because FERC may not defend the lawfulness of the removal protection for FERC Commissioners (a question relevant to Count II of the Complaint).  Intervention Mot. 11.  But CUB's core argument on this score rests on nothing but conjecture at this point, given that FERC has yet to even answer the Complaint or otherwise to take a position on Count II of the Complaint.

In any event, the adequacy of representation turns on whether "existing parties adequately represent" the proposed intervenors' claimed "*interest.*"  Fed. R. Civ. P. 24(a)(2) (emphasis added).  Critically, CUB does not explain how resolution of American Efficient's Article II claim would implicate CUB's only claimed interest: speculation that Illinois ratepayers will receive a share of any disgorged profits.  At best, that interest relates to American Efficient's *Jarkesy* challenge (Count I of the Complaint) but there does not appear to be any daylight between CUB and FERC with respect to that claim.  FERC has instead demonstrated that it will "'zealously' and 'vigorously'

11

defend[]" the constitutionality of its penalty proceedings. *Stuart*, 706 F.3d at 355. CUB does not explain any logical connection between its claimed interest in disgorgement and whether FERC is structured consistent with the President's Article II powers.

The fact that CUB is an arm of the State of Illinois does not affect this analysis. *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 183 (2022), cited by CUB, is inapposite, as the question there was which agent of the State (the Attorney General or state legislators) could adequately defend *state* law. The fact that "[s]ometimes leaders in different branches of government may see the State's interests at stake in litigation differently," *id.* at 185, provides no support for the deeply counterintuitive idea that a *state*-created entity (such as CUB) has a presumptive right to defend the constitutionality of a *federal* agency proceeding. *Cf. East Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1000-1001 (9th Cir. 2024) (denying intervention by multiple states on appeal under the factors outlined in Rule 24 to defend a federal regulation).

In short, "not all parties with strong feelings about … a case are entitled, as a matter of law, to intervene." *United States v. North Carolina*, 2014 WL 494911, at *4 (M.D.N.C. Feb. 6, 2014). Because FERC adequately represents any purported interest raised by CUB in potential disgorgement, intervention should be denied.

## C. Permissive Intervention Is Also Unwarranted

Nor is CUB entitled to permissive intervention, because CUB lacks "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Even if it had such a claim or defense, permissive intervention "lies

12

within the sound discretion of the trial court," *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003), and it should be denied here because it would risk "unduly delay[ing] or prejudic[ing] the adjudication" of American Efficient's rights, Fed. R. Civ. P. 24(b)(3); *see North Carolina State Conf. of NAACP v. Cooper*, 332 F.R.D. 161, 172 (M.D.N.C. 2019) (denying permissive intervention where there was need for "swift resolution").

*First*, CUB "simply has no claim or defense" under Rule 24(b) because it "asserts no actual, present interest that would permit [it] to sue or be sued by [the parties] or anyone else, in an action sharing common questions of law or fact with those at issue in this litigation." *Diamond v. Charles*, 476 U.S. 54, 77 (1986) (O'Connor, J., concurring in part and concurring in the judgment); *see also Tillman Infrastructure LLC v. Bd. of Supervisors of Culpeper Cnty.*, 2022 WL 1540344, at *2 (W.D. Va. May 16, 2022) (denying permissive intervention for lack of a "claim" or "defense" where party faced "no potential liability in this suit, or any other related suit"). Thus, although CUB may contend that it raises a common question to FERC—whether FERC enforcement proceedings are constitutional—"this is not the equivalent of having 'a claim or defense' that shares with the main action 'a common question of law or fact,'" *DeOtte v. Azar*, 332 F.R.D. 173, 186 (N.D. Tex. 2019), as CUB could neither "sue or be sued by the parties [n]or anyone else, in an action sharing" that purported common question, *see id.* at 186.

*Second*, as discussed *supra* pp. 3-6, CUB's intervention, at least at this stage, would risk delay of the resolution of the PI Motion, prejudicing American Efficient.

*Third*, intervention (at any stage) would invite inefficiency—itself a reason to deny intervention. CUB has not identified any "special expertise" that it brings to bear regarding the constitutionality of FERC's penalty proceedings or removal protections. *Cooper*, 332 F.R.D. at 172. On the other side of the ledger, permitting intervention is "likely only to result in duplicative briefing," *Green v. Bell*, 2023 WL 2572210, at *7 (W.D.N.C. Mar. 20, 2023), "consum[ing] additional resources of the court and the parties," *Stuart*, 706 F.3d at 355, "without any corresponding benefit," *Green*, 2023 WL 2572210, at *7. What is more, denying intervention here would leave CUB the ability to "seek[] leave to file amicus briefs," and, as the Fourth Circuit has reasoned, the availability of that option weighs against "granting would-be intervenors party status and all the privileges pertaining thereto." *Stuart*, 706 F.3d at 355.

The potential proliferation of would-be intervenors also cautions in favor of restraint. The two Regional Transmission Organizations arguably implicated by FERC's investigation and penalty proceeding cover vast swaths of the country. PJM operates in 13 States,[3] and MISO in 15 States plus parts of Canada.[4] The idea that ratepayers in any or all of those States could intervene permissively in this suit would risk needless

---

[3] *PJM*, FERC, https://www.ferc.gov/industries-data/electric/electric-power-markets/pjm#:~:text=In%20managing%20the%20grid%2C%20PJM,and%20the%20District%20of%20Columbia (last visited Mar. 13, 2025).

[4] *Participation in Midcontinent Independent System Operator (MISO) Processes*, FERC, https://www.ferc.gov/participation-midcontinent-independent-system-operator-miso-processes#:~:text=A.,system%20operates%20reliably%20and%20safely (last visited Mar. 13, 2025).

14

complication, inefficiency, and delay. It would also countermand the principle that, "[w]hile Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." *Mausolf v. Babbitt*, 85 F.3d 125, 1301 (8th Cir. 1996).

## CONCLUSION

This Court should deny CUB's Intervention Motion. At a minimum, the Court should defer resolving the Intervention Motion until after it resolves the PI Motion.

Respectfully submitted this 20th day of March, 2025.

/s/ *Mark A. Hiller*

Mark A. Hiller
N.C. Bar No. 50004
Robinson, Bradshaw & Hinson, P.A.
1450 Raleigh Road
Suite 100
Chapel Hill, NC 27517
Phone: (919) 328-8800
mhiller@robinsonbradshaw.com

Cary B. Davis
N.C. Bar No. 36172
Robinson, Bradshaw & Hinson, P.A.
600 S. Tryon St.
Suite 2300
Charlotte, NC 28202
Phone: (704) 377-2536
cdavis@robinsonbradshaw.com

Seth P. Waxman[*]
Kelly P. Dunbar[*]
Wilmer Cutler Pickering
    Hale and Dorr LLP

15

2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Phone: (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
kelly.dunbar@wilmerhale.com

Suedeen G. Kelly[*]
John N. Estes, III[*]
Jenner & Block LLP
1099 New York Avenue N.W.
   Suite 900
Washington, D.C. 20001
Phone: (202) 639-6000
skelly@jenner.com
jestes@jenner.com

*Attorneys for Plaintiffs American Efficient LLC and Affirmed Energy LLC*

*Specially appearing pursuant to Local Rule 83.1(d)

16

**CERTIFICATION OF WORD COUNT**

I hereby certify that this brief complies with Local Rule 7.3(d) and that this brief does not exceed 6,250 words.

/s/ *Mark A. Hiller*
Mark A. Hiller