| | |
|---|---|
| American Efficient LLC and Affirmed Energy LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>Federal Energy Regulatory Commission; Mark C. Christie, Willie L. Phillips, David Rosner, Lindsay S. See, and Judy W. Chang, in their official capacities as Commissioners of the Federal Energy Regulatory Commission,<br><br>*Defendants*. | Case No. 1:25-cv-68 |

**CITIZENS UTILITY BOARD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO INTERVENE**

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 1

I. CUB is entitled to intervene as of right. ...................................................................... 2

    A. American Efficient's preliminary injunction-specific arguments lack merit. ... 2

        1. CUB's intervention is timely. ................................................................. 3

        2. CUB's and Defendants' interests diverge even on the preliminary injunction. ................................................................................................. 5

    B. CUB has strong and direct interests in this litigation. ........................................... 6

        1. CUB has a significantly protectable interest in defeating American Efficient's attempt to block the enforcement proceeding. .............................. 6

        2. CUB has significantly protectable interests in preserving a statutory regime that enables CUB to protect consumers. ................................................. 9

    C. Defendants do not adequately represent CUB's interests. .................................. 10

II. Alternatively, permissive intervention is warranted. ................................................ 12

CONCLUSION .................................................................................................................. 13

# ARGUMENT

The Court should grant intervention as of right, or alternatively, permissive intervention. Plaintiffs American Efficient LLC and Affirmed Energy LLC ("American Efficient") offer no basis to deny intervention and exclude consumers that paid the costs of their alleged misconduct. They rely on an invented test requiring the Citizens Utility Board of Illinois ("CUB") to independently satisfy Rule 24(a)(2) for the preliminary injunction, challenging timeliness and inadequate representation for that motion. But CUB meets both requirements, whether considering the entire action or just preliminary injunction proceedings.

American Efficient fares no better opposing intervention as of right generally. It fails to undermine CUB's interest in maintaining the Federal Energy Regulatory Commission's ("FERC") ability to resolve claims regarding hundreds of millions of dollars in payments from consumers. Moreover, American Efficient barely mentions—and cannot refute—CUB's independently sufficient interest in preserving a statutory scheme that enables CUB to fulfill its consumer protection mission. And in arguing that Defendants adequately represent CUB's interests regarding the Article II claim, American Efficient ignores the federal government's positions disclaiming removal protections as unconstitutional—clear evidence entitling CUB to intervene now.

Finally, American Efficient misconstrues permissive intervention requirements and baselessly speculates about duplicative briefing or a proliferation of intervenors.

## I. CUB is entitled to intervene as of right.

CUB timely sought intervention to protect interests in resolving American Efficient's alleged violations and maintaining FERC's enforcement authority and independence. CUB Mem. 6-10, ECF No. 22-1. Defendants do not adequately represent those interests, particularly given the federal government's pronouncements that removal protections are unconstitutional. *Id.* at 10-11.

American Efficient does not show otherwise. Its effort to exclude CUB from preliminary injunction proceedings mischaracterizes intervention standards and misrepresents the facts. Its alternative opposition to intervention generally does not refute CUB's interests or the ample evidence of inadequate representation.

### A. American Efficient's preliminary injunction-specific arguments lack merit.

American Efficient's preliminary injunction-specific arguments, Pls.' Opp'n 3-6, ECF No. 28, misconceive the law and the facts. To begin, American Efficient supplies no authority that CUB must separately satisfy Rule 24(a)(2) for that motion. Instead, the rule's plain language addresses the entire "action," requiring "an interest relating to … the subject of *the action*," and that "disposing of *the action*" may practically impair that interest. Fed. R. Civ. P. 24(a)(2) (emphases added).

Accordingly, courts generally analyze intervention for the entire action, not each motion or phase. American Efficient challenges CUB's timeliness regarding the preliminary injunction schedule and adequate representation for the Seventh Amendment claim raised there, but courts consider these factors more holistically. For example, in a

case with a pending preliminary injunction motion, intervention was timely because the case had "not progressed very far," where the defendant agency had "not yet filed an answer." *Defs. of Wildlife v. FWS*, 539 F. Supp. 3d 543, 561 (D.S.C. 2021). And intervenors need not prove inadequate representation for *every* issue. It suffices that intervenors' interests "may diverge" from defendants on some issues, even if they "converge" on others. *In re Sierra Club*, 945 F.2d 776, 780 (4th Cir. 1991).

Regardless, CUB has shown timeliness and inadequate representation even for preliminary injunction proceedings.[1]

### 1. CUB's intervention is timely.

As CUB demonstrated, intervention is timely. CUB Mem. 6-7. American Efficient does not—and cannot—dispute timeliness when considering the entire case. *See, e.g.*, *People for Ethical Treatment of Animals, Inc. v. Stein*, No. 1:16CV25, 2019 WL 9662884, at *2 (M.D.N.C. May 14, 2019) (collecting cases where intervention was timely because they "had not progressed past the initial pleading stage"). Instead, American Efficient tries (at 3-6)—and fails—to demonstrate untimeliness solely for the preliminary injunction motion.

Even if the Court considers the preliminary injunction schedule, rather than "how far the underlying suit has progressed," *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014),

---

[1] American Efficient also cannot disclaim any prejudice in excluding CUB from the preliminary injunction motion, Pls.' Opp'n 6, while elsewhere suggesting consolidating the motion with an expedited merits resolution. Pls.' Prelim. Inj. Reply 13-14, ECF No. 25.

3

CUB closely conformed to that schedule. CUB sought intervention and included a proposed opposition within 24 hours of Defendants' response, *see* ECF Nos. 19, 22-6, significantly earlier than another state entity that successfully moved to intervene one week after a preliminary injunction hearing, without a proposed response. *See Defs. of Wildlife*, 539 F. Supp. 3d at 548, 561. Moreover, CUB did not unduly delay, moving promptly "as soon as it became clear" intervention was necessary. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 390, 394 (1977) (intervention filed 18 days after final judgment); *see* CUB Mem. 6-7.

Critically, American Efficient shows no prejudice—"[t]he most important consideration" for determining timeliness. *Spring Const. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). American Efficient gripes that CUB's filing came after Defendants' opposition, Pls.' Opp'n 4, but identifies no harm from that additional day. Switching gears, American Efficient attacks CUB's proposed opposition as too early, labeling it "procedurally improper." *Id.* Numerous cases refute that unsupported assertion. *See, e.g.*, *N.C. Green Party v. N.C. State Bd. of Elections*, 619 F. Supp. 3d 547, 552, 562 & n.9 (E.D.N.C. 2022) (granting intervention and considering proposed preliminary injunction opposition); *La. Wildlife & Fisheries Comm'n v. Becerra*, No. 19CV02488KJMCKD, 2020 WL 2404830, at *5 (E.D. Cal. May 12, 2020) (similar). And American Efficient cannot seriously claim prejudice from having more time (30 days so far) to consider CUB's arguments.

American Efficient's conjecture (at 5)—that "completing briefing (and potential argument)" on intervention would divert judicial resources and delay a preliminary injunction ruling—is misplaced. This reply completes briefing, and the mere need to resolve an intervention motion cannot establish prejudice to deny it. *See Kalbers v. U.S. Dep't of Justice*, 22 F. 4th 816, 825 (9th Cir. 2021) ("[E]very motion to intervene will complicate or delay a case to some degree—three parties are more than two. That is not a sufficient reason to deny intervention."). Indeed, courts regularly address intervention during preliminary injunction proceedings. *See, e.g.*, *N.C. Green Party*, 619 F. Supp. 3d at 569; *Defs. of Wildlife*, 539 F. Supp. 3d at 561; *cf. Berger v. N.C. State Conf. of NAACP*, 597 U.S. 179, 200 (2022) ("additional burdens" from state intervenors fell "well within the bounds of everyday case management").

### 2. CUB's and Defendants' interests diverge even on the preliminary injunction.

As CUB explained and addresses further below, Defendants do not adequately represent CUB's interests. CUB Mem. 10-11; *infra*, pp.10-12. American Efficient resists this conclusion specifically for the preliminary injunction, Pls.' Opp'n 5-6, but even for that motion, CUB's and Defendants' interests "diverge at points." *In re Sierra Club*, 945 F.2d at 780. As in prior cases finding inadequate representation, "[o]nly the intervenors have drawn the court's attention to [certain] authority" and arguments. *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986); *accord JLS, Inc. v. Pub. Serv. Comm'n of W. Va.*, 321 F. App'x 286, 291 (4th Cir. 2009) (only intervenors "advanced some significant legal points"). CUB's opposition identified significant authorities and arguments that

5

Defendants did not advance. *See, e.g.*, CUB Proposed Prelim. Inj. Opp'n 7-8, ECF No. 22-6 (Supreme Court precedent upholding preliminary proceedings); *id.* at 10-17 (arguing that public rights exception applies).

**B.      CUB has strong and direct interests in this litigation.**

CUB has demonstrated multiple interests justifying intervention. *Contra* Pls.' Opp'n 6-10. CUB has an interest in resolution of—and remedies for—claims that American Efficient wrongfully extracted hundreds of millions from consumers, including those CUB protects. *See* CUB Mem. at 7-8. American Efficient's scattershot arguments do not show otherwise. And it largely ignores CUB's independently sufficient interests in preserving FERC's enforcement authority and independence. *Id.* at 9-10.

**1.      CUB has a significantly protectable interest in defeating American Efficient's attempt to block the enforcement proceeding.**

American Efficient wrongly attacks (at 6-10) CUB's interest in disgorgement as (1) abstract and generalized, (2) speculative, (3) barred by enforcement precedent, and (4) collateral.

*First*, CUB has concrete, specific interests in this case's outcome, which could foreclose remedies for the alleged violations. That interest is not "generalized and abstract," *contra* Pls.' Opp'n 9, and fits comfortably within Fourth Circuit cases basing intervention on economic consequences. For example, *Feller* relied on domestic workers' interest in certification of a foreign worker wage, because intervenors' wages were "substantially contingent upon the availability of foreign workers." 802 F.2d at 730.

6

Case 1:25-cv-00068-TDS-JEP     Document 30     Filed 04/03/25     Page 8 of 18

Courts have also recognized interests in defending a statute's applicability to other entities, because plaintiffs' requested relief would alter a competitive playing field, *JLS*, 321 F. App'x at 290, or "potentially reduce [jobs] available" to an intervenor's members, *Nish & Goodwill Servs., Inc. v. Cohen*, 191 F.R.D. 94, 96 (E.D. Va. 2000).

These cases also rebut American Efficient's attempt (at 10) to discount CUB's interest simply because other ratepayers may have similar interests. *Feller*, for instance, approved intervention by only a few workers, without any concern whether others throughout the industry shared those interests. *See* 802 F.2d at 725, 729-30. *Ohio Valley Environmental Coalition v. McCarthy*, which distinguished *Feller* solely because economic consequences in *McCarthy* were "far more speculative and more remote," is not to the contrary. 313 F.R.D. 10, 23-24 (S.D.W. Va. 2015).

*Second*, uncertainty regarding the FERC proceeding's outcome does not render CUB's interest impermissibly contingent or speculative. American Efficient points (at 8) to one Natural Gas Act settlement, while ignoring more relevant cases directing allocations to ratepayers. *See, e.g.*, *City Power Mktg., LLC*, 160 FERC ¶ 61,013, P 12 (2017); *Houlian Chen*, 177 FERC ¶ 61,076, P 12 (2021); FERC, *Orders to Show Cause Proceedings*, https://www.ferc.gov/orders-show-cause-proceedings# (last updated Feb. 11, 2025).[2] Regardless, CUB has a "significantly protectable interest" in disgorgement

---

[2] Notably, American Efficient elsewhere argues the outcome is sufficiently certain to support its standing, characterizing this same list as showing that "in the vast majority of those cases, FERC simply reduced the penalty amount, either through agency proceeding or settlement." Pls.' Prelim. Inj. Reply 4-5.

even if it is "contingent upon the outcome of other pending litigation." *Nationwide Mut. Ins. Co. v. Webster*, No. 2:21-CV-00646, 2022 WL 703607, at *2 (S.D.W. Va. Mar. 8, 2022) (quoting *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991)). Moreover, unlike an indemnification action that merely reduces funds available to satisfy an insurance claim, *see Teague*, 931 F.2d at 260-61, American Efficient seeks to definitively foreclose any relief in FERC's proceeding. *Cf. Maxum Indem. Co. v. Biddle L. Firm, PA*, 329 F.R.D. 550, 555 n.9 (D.S.C. 2019) (interest arguably "not just contingent" but "definite" where insurer sought declaration that it need not "provide a defense" in another suit).

*Third*, that American Efficient targets an enforcement proceeding does not alter the analysis. Contrary to American Efficient's overbroad assertions (at 7-9), courts have allowed intervention in enforcement actions. *See United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1108, 1145 (D.C. Cir. 2009) (granting intervention in RICO enforcement action, despite intervenors lacking own cause of action); *SEC v. Flight Transp. Corp.*, 699 F.2d 943, 947-48 (8th Cir. 1983) (reversing denial of intervention in securities enforcement action). Moreover, this case is not an enforcement action, and neither FERC's intervention regulations nor a case involving a suit to *force* prosecutions, *United States v. Texas*, 599 U.S. 670, 677-81 (2023), speak to CUB's intervention to preserve FERC's *authority* to adjudicate violations.

*Fourth*, CUB's interest in disgorgement is not too "collateral." *Contra* Pls.' Opp'n 9-10. For starters, Fourth Circuit precedent demonstrates that an interest "contingent on the outcome of other litigation," *Teague*, 931 F.2d at 261, is sufficiently "relat[ed] to …

8

the subject of the action." Fed. R. Civ. P. 24(a)(2). American Efficient's cases are readily distinguishable. CUB invokes an interest in whether rates already paid were unlawful and must be refunded, rather than whether future costs of environmental compliance will trickle down to ratepayers. *See United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (intervenors asserted they "may be forced to pay higher rates to finance the filtration project" and "pay higher taxes" because "filtration will encourage development"); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) (whether penalties would increase rates depended on multiple intervening decisions and "market variables"). Unlike *City of New York*, where intervenors sought to inject collateral issues by belatedly attacking the antecedent determination the government was enforcing, 198 F.3d at 365, CUB intervenes to defend against the merits of the claims and requested relief. And while businesses had "no direct interest" in Clean Water Act violations, *Metro. St. Louis*, 569 F.3d at 840, both American Efficient's alleged violations and its constitutional challenges strike at the core of CUB's mission.

> 2. **CUB has significantly protectable interests in preserving a statutory regime that enables CUB to protect consumers.**

American Efficient does not meaningfully contest CUB's interests in upholding FERC's structure and enforcement regime, which independently support intervention. *See* CUB Mem. 3, 9-10. American Efficient dismisses these interests as generalized policy preferences (at 10 n.2), but in challenges to the validity or application of statutory regimes, courts recognize "the interests of those who are governed by those schemes [as] sufficient to support intervention." *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 514

9

(E.D. Va. 2007) (citation omitted); *see also N.Y. Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (challenge to "regulation from which [intervenors'] members benefit"); *Nish*, 191 F.R.D. at 96 (effects on intervenor state agencies "charged with the duty of implementing the Act" in dispute).

This lawsuit threatens a statutory scheme governing important aspects of electricity rates, which directly and concretely affects CUB's consumer protection duties. CUB fulfills its mission by frequently appearing before FERC to advocate for consumers. CUB Mem. 3. And CUB relies on FERC's enforcement to protect wholesale markets' integrity and ensure that rates passed onto Illinois consumers are just and reasonable. *See, e.g.*, *Nantahala Power & Light Co. v. Thornburg*, 476 U.S. 953, 970 (1986) (states cannot prevent utilities from recovering those costs); *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 283-85 (4th Cir. 2022) (state-law claims cannot alter FERC-approved filed rate); *cf. Am. Coll. of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282, 289 (D. Md. 2020) (case would "not eliminate any state's ability to continue to regulate" activity). Blocking FERC's enforcement authority and fundamentally altering FERC's structure would impair CUB's protection of Illinois consumers.

C.  **Defendants do not adequately represent CUB's interests.**

CUB has shown that Defendants' representation may be inadequate. CUB Mem. 10-11. As discussed above, CUB meets this requirement even for the preliminary

injunction motion. *Supra*, pp.5-6. Considering the whole case only reinforces that conclusion.

American Efficient bafflingly suggests (at 11-12) that its Article II claim does not implicate disgorgement—while also seeking to enjoin enforcement based on that claim. Compl. ¶¶ 121-23, ECF No. 1. Moreover, the Article II claim threatens CUB's additional interests in preserving FERC's independence. *Supra*, pp.9-10.

American Efficient's invocation of a presumption of adequate representation (at 10-12) is unavailing. *See* CUB Mem. 10-11. American Efficient downplays (at 12) CUB's statutory mandate because Illinois law is not challenged. But the regime CUB seeks to uphold was enacted to fill a gap where states cannot regulate. *See FERC v. Elec. Power Supply Ass'n*, 577 U.S. 260, 266 (2016). Illinois has charged CUB with protecting Illinois consumers within FERC's exclusive jurisdiction by representing their interests before FERC and in the courts. CUB Mem. 1. In these circumstances, "adverse presumptions" against participation should not apply to Illinois's "chosen representatives." *Berger*, 597 U.S. at 197.

Moreover, any presumption applies only where intervenors' interests "overlap fully with the existing party," and is rebutted by showing adverse interests. *Democracy N.C. v. Hirsch*, 345 F.R.D. 147, 149 (M.D.N.C. 2023) (cleaned up) (quoting *Berger*, 597 U.S. at 197). CUB's and Defendants' interests do not overlap fully and are meaningfully adverse. The Department of Justice has deemed removal protections for multi-member commissions and administrative law judges—like those American Efficient challenges—

11

unconstitutional. *See* CUB Mem. 4-5; *Feller*, 802 F.2d at 730 (defendant agency agreed with plaintiffs and "made clear its intention to argue against" intervenors' interpretation). Indeed, the Department "intends to urge the Supreme Court to overrule" precedent supporting commissioner removal protections. Tom Decl., Ex. 2, at 2, ECF No. 22-3. Contrary to American Efficient's suggestion (at 11) that CUB's arguments are mere "conjecture," these statements provide clear evidence that Defendants' representation "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Accordingly, CUB is entitled to intervene now rather than "gamble[]" on intervention by sitting back to "monitor[] the proceedings." *Alt*, 758 F.3d at 591; *NAACP v. New York*, 413 U.S. 345, 367-68 (1973) (faulting intervenors for delaying based on government attorneys' representations).[3]

## II. Alternatively, permissive intervention is warranted.

American Efficient likewise fails to rebut CUB's showing that the relevant factors support permissive intervention. *See* CUB Mem. 11-12.

First, CUB's defense against American Efficient's constitutional claims presents common questions of fact and law. While American Efficient posits (at 13) that CUB must be independently subject to suit on those questions, courts regularly grant permissive intervention to entities defending the validity of statutes or regulations that

---

[3] Given the Department's letters regarding removal protections and Defendants' decision not to argue certain issues on the Seventh Amendment claim, neither CUB nor the Court should rely on Defendants' vague intention to "provide a fulsome defense." Defs.' Resp. 1, ECF No. 29. At minimum, the circumstances strongly indicate that Defendants will be constrained to leave significant merits arguments off the table.
12

they similarly do not administer. *See, e.g.*, *Cawthorn v. Amalfi*, 35 F.4th 245, 249-50, 255 (4th Cir. 2022) (individual voters defending state law); *Stein*, 2019 WL 9662884, at *2-3 (nonprofit organization defending state law).

Second, CUB has already disproved American Efficient's speculation (at 14) about duplicative briefing: CUB's proposed opposition "draw[s] the court's attention" to authorities and arguments that Defendants did not present. *Feller*, 802 F.2d at 730; *supra*, pp.5-6. Moreover, American Efficient errs in suggesting (at 14) that CUB brings no "special expertise" or valuable perspective. The Federal Power Act's "primary aim is the protection of consumers from excessive rates and charges." *Mun. Light Bds. of Reading & Wakefield v. FPC*, 450 F.2d 1341, 1348 (D.C. Cir. 1971) (citations omitted). In this case seeking to dismantle fundamental aspects of FERC's structure, CUB will provide an important (and otherwise missing) perspective on consumer impacts.

Finally, fear of proliferating intervenors (at 14) is unfounded. American Efficient identifies neither other intervenors, nor any authority that this prospect justifies denying CUB's motion. And future intervenors must independently satisfy Rule 24, including showing timeliness and inadequate representation by "existing intervenors." *Hirsch*, 345 F.R.D. at 150.

## CONCLUSION

The Court should grant CUB intervention as of right or, alternatively, permissive intervention.

Dated: April 3, 2025

Respectfully submitted,

/s/ Alexander L. Tom
Alexander L. Tom*
CA Bar No. 321256
Earthjustice
50 California Street
Suite 500
San Francisco, CA 94111
(415) 217-2111
atom@earthjustice.org

Nick Lawton*
DC Bar No. 1046604
Earthjustice
1001 G Street, NW
Suite 1000
Washington, DC 20001
(202) 780-4835
nlawton@earthjustice.org

/s/ James L. Conner II
James L. Conner II
N.C. Bar No. 12365
Calhoun, Bhella & Sechrest, LLP
4819 Emperor Boulevard
Suite 400
Durham, NC 27703
(919) 887-2607
jconner@cbsattorneys.com

*Counsel for Movant-Intervenor Citizens Utility Board of Illinois*

*Specially appearing pursuant to Local Rule 83.1(d).

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Local Rule 7.3(d). The number of words in this brief, exclusive of the caption, signature lines, certificate of service, and any cover page or indices, it does not exceed 3,125 words.

Dated: April 3, 2025                                    Respectfully submitted,

/s/ Alexander L. Tom
Alexander L. Tom

15

Case 1:25-cv-00068-TDS-JEP    Document 30    Filed 04/03/25    Page 17 of 18

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

Dated: April 3, 2025 Respectfully submitted,

/s/ Alexander L. Tom
Alexander L. Tom