# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AMERICAN EFFICIENT LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No: 1:25-CV-00068-TDS-JEP |
| | ) | |
| FEDERAL ENERGY REGULATORY | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT DEFENDANTS' MOTION TO STAY AND REQUEST FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ii

INTRODUCTION ..................................................................................... 1

BACKGROUND ....................................................................................... 2

LEGAL STANDARD ................................................................................ 3

ARGUMENT............................................................................................ 5

I.   Courts in This Circuit Routinely Stay Proceedings to Await Appellate Guidance...... 5

II.  A Temporary Stay of Proceedings Will Promote Judicial Economy and Conserve the
     Parties' Resources in This Case, and Will Not Prejudice Plaintiffs............................ 6

     A.   Judicial Economy Favors a Stay Because the Supreme Court's Decisions in the
          *FCC* and *Slaughter* Cases May Be Dispositive of this Case. .............................. 7

     B.   FERC Would Be Significantly Burdened if a Stay Is Not Granted. .................... 7

     C.   Plaintiffs Are Not Prejudiced by the Temporary Stay Proposed Here. ............... 8

CONCLUSION ........................................................................................ 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T v. FCC*,
   149 F.4th 491 (5th Cir. 2025), *cert. granted*, No. 25-406,
   2026 WL 73092 (Jan. 9, 2026) ...................................................................................... 1, 3

*Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*,
   545 F. Supp. 2d 1188 (D. Kan. 2008) ............................................................................... 6

*Bray v. QFA Royalties, LLC*,
   2007 WL 2688858 (D. Colo. Sep. 12, 2007) .................................................................... 6

*Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*,
   2009 WL 315610 (D. Idaho Feb. 9, 2009) ........................................................................ 6

*CKC Props., LLC v . Town of Mt. Pleasant, S.C.*,
   2024 WL 39067 (D.S.C. Jan. 3, 2024) .............................................................................. 7

*Collins v. S.C. Pub. Serv. Auth.*,
   2006 WL 1851305 (D.S.C. June 30, 2006) ....................................................................... 5

*Cunningham v. Homeside Fin., LLC*,
   2017 WL 5970719 (D. Md. Dec. 1, 2017).......................................................................... 5

*Dawoudi v. Nationstar Mortg., LLC*,
   2016 WL 8711604 (N.D. Ill. Sep. 16, 2016) ..................................................................... 6

*Doe v. Bayer Corp.*,
   367 F. Supp. 2d 904 (M.D.N.C. 2005) .............................................................................. 4

*Fowler-Bey v. Johnson*,
   2018 WL 11476084 (D. Md. Nov. 30, 2018) ..................................................................... 5

*Hickey v. Baxter*,
   833 F.2d 1005 (Table), 1987 WL 39020 (4th Cir. 1987) .............................................. 4, 5

*Hulley Enters. Ltd. v. Russian Fed'n*,
   211 F. Supp. 3d 269 (D.D.C. 2016).................................................................................... 4

ii

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)................................................................................................*passim*

*Landress v. Tier One Solar LLC*,
243 F. Supp. 3d 633 (M.D.N.C. 2017) ...........................................................7

*Leyva v. Certified Grocers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979) ........................................................................4

*Maryland v. Universal Elections, Inc.*,
729 F.3d 370 (4th Cir. 2013) .........................................................................6

*Minn. Voters Alliance v. Walz*,
494 F. Supp. 3d 610 (D. Minn. 2020)...........................................................5

*Neal v. Wal-Mart Stores, Inc.*,
2020 WL 9173106 (W.D.N.C. May 19, 2020)................................................5

*Rice v. Astrue*,
2010 WL 3607474 (D.S.C. Sep. 9, 2010).......................................................4

*SEC v. Jarkesy*,
603 U.S. 109 (2024)........................................................................................2

*Slaughter v. Trump*,
791 F. Supp. 3d 1 (D.D.C. 2025), *cert. granted before judgment*, No. 25-332,
146 S. Ct. 18 (Mem.) (Sep. 22, 2025)........................................................1, 3

*Sprint Corp. v. FCC*,
151 F.4th 347 (D.C. Cir. 2025)......................................................................2

*United States v. Ga. Pac. Corp.*,
562 F.2d 294 (4th Cir. 1977) .........................................................................6

*United States v. McClelland*,
2020 WL 901821 (W.D.N.C. Feb. 25, 2020) .................................................5

*Verizon Commcn's Inc. v. FCC*,
156 F.4th 86 (2d Cir. 2025), *cert. granted*, No. 25-567,
2026 WL 73090 (Jan. 9, 2026) ...................................................................1, 3

iii

*White v. Ally Fin. Inc.*,
  969 F. Supp. 2d 451 (S.D. W. Va. 2013).............................................................................4

**Statutes and Rules**

16 U.S.C. § 823 ..........................................................................................................8

Fed. R. App. P. 4 .........................................................................................................3

iv

# INTRODUCTION

The Government Defendants ("FERC") respectfully request that the Court stay this case pending the Supreme Court's resolution of *FCC v. AT&T* and *Verizon Communications Inc. v. FCC* (relevant to Count I of the Complaint), and *Trump v. Slaughter* (relevant to Count II).[1] The *FCC* cases address whether analogous administrative proceedings satisfy the Seventh Amendment—Count I here. *Slaughter* involves the President's authority to remove a member of a partisan-balanced, multimember commission—Count II here. The Supreme Court's resolution of those cases will likely have a significant, and potentially dispositive, effect on this case. A stay would thus promote efficiency and conserve judicial and party resources. A stay is further warranted because this case is not in an emergency posture: the Court denied Plaintiffs' motion for a preliminary injunction on Count I, with no appeal from Plaintiffs, and Plaintiffs never sought emergency relief as to Count II. Finally, any stay would be brief, as the *FCC* cases will be argued in April 2026, and the Supreme Court heard argument in *Slaughter* in December 2025.

FERC also respectfully asks the Court to extend the current deadline to respond to the Complaint—February 23, 2026—to 30 days after it rules on the stay request, so that FERC is not required to respond to the Complaint while its stay motion is pending.

---

[1] *See AT&T v. FCC*, 149 F.4th 491 (5th Cir. 2025), *cert. granted*, No. 25-406, 2026 WL 73092 (Jan. 9, 2026) and *Verizon Commcn's Inc. v. FCC*, 156 F.4th 86 (2d Cir. 2025), *cert. granted*, No. 25-567, 2026 WL 73090 (Jan. 9, 2026) (cases consolidated for briefing and oral argument); *Slaughter v. Trump*, 791 F. Supp. 3d 1 (D.D.C. 2025), *cert. granted before judgment*, No. 25-332, 146 S. Ct. 18 (Mem.) (Sep. 22, 2025).

Defendant-Intervenor Citizens Utility Board of Illinois consents to this relief. Plaintiffs "do not oppose a stay pending the resolution of the Supreme Court's decision in *FCC v. AT&T*, provided that the stay terminates immediately if FERC issues a penalty order against Plaintiffs before that time." Plaintiffs "take no position" on FERC's request to extend the Complaint response deadline pending resolution of this Motion.

## BACKGROUND[2]

On January 29, 2025, Plaintiffs filed suit and sought a preliminary injunction. ECF 1 (Compl.), ECF 2 (Mot.), seeking to enjoin a proceeding brought by FERC against them under the Federal Power Act. Plaintiffs alleged that FERC's proceeding violates the Seventh Amendment to the U.S. Constitution and Article III, and that FERC's investigation violates Article II. *E.g.*, Compl. ¶ 2. Plaintiffs' Seventh Amendment claim (Count I) derives from *SEC v. Jarkesy*, 603 U.S. 109 (2024) ("*Jarkesy* claim"). Compl. ¶¶ 2, 4, 46–67. Their Article II claim (Count II) is premised on the theory that FERC is "improper[ly] insulat[ed]" from presidential oversight because Commissioners can only be removed by the President for cause. *Id.* ¶¶ 2, 5–6, 68–101. Although the Complaint purported to seek preliminary injunctive relief on the Article II claim (*e.g.*, Compl. at p.49 ¶¶ d, e), Plaintiffs' Motion was limited to their *Jarkesy* claim. *See generally* ECF 3 (Memo. ISO Mot.).

On November 24, 2025, the Court denied Plaintiffs' demand for preliminary injunctive relief. Citing favorably the decisions in *Sprint Corporation v. FCC*, 151 F.4th

---

[2] FERC assumes the Court's familiarity with the facts and includes only those relevant to this Motion. Additional background is in FERC's opposition to Plaintiffs' motion for preliminary injunction, ECF 19, and the Court's opinion resolving the motion, ECF 43.

347, 361 (D.C. Cir. 2025), and *Verizon Communications Inc. v. FCC*, 156 F.4th 86 (2d Cir. 2025)—which post-dated briefing on Plaintiffs' Motion—the Court held that FERC's post-penalty enforcement action satisfies the Seventh Amendment. *See* Memo. Op. and Order, ECF 43, at 29–34. In so holding, it declined to follow the Fifth Circuit's contrary decision. *Id.* (discussing *AT&T, Inc. v. FCC*, 149 F.4th 491 (5th Cir. 2025)). Plaintiffs' deadline to appeal passed on January 23, 2026, Fed. R. App. P. 4(a)(1)(B), without appeal. By stipulation and Court order, FERC's Complaint response is now due February 23. ECF 27 (setting deadline of 30 calendar days after final resolution of Plaintiffs' Motion).

After this Court decided Plaintiffs' Motion, the Supreme Court granted certiorari to resolve the circuit split generated by the Second Circuit and Fifth Circuit *FCC* cases. *See AT&T v. FCC*, 149 F.4th 491 (5th Cir. 2025), *cert. granted*, No. 25-406, 2026 WL 73092 (Jan. 9, 2026) and *Verizon Commcn's Inc. v. FCC*, 156 F.4th 86 (2d Cir. 2025), *cert. granted*, No. 25-567, 2026 WL 73090 (Jan. 9, 2026) (cases consolidated for briefing and oral argument). Further, after hearing argument in December 2025, the Supreme Court is primed to rule in *Slaughter v. Trump*, 791 F. Supp. 3d 1 (D.D.C. 2025), *cert. granted before judgment*, No. 25-332, 146 S. Ct. 18 (Mem.) (Sep. 22, 2025)—a case relevant to the merits of Plaintiffs' Article II claim here.

## LEGAL STANDARD

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Doe v. Bayer Corp.*, 367 F.

3

Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

A district court's discretion to delay proceedings is properly exercised where "a higher court will issue a decision that may affect the outcome of the pending case." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461–62 (S.D. W. Va. 2013); *see Hickey v. Baxter*, 833 F.2d 1005 (Table), 1987 WL 39020, at *1 (4th Cir. 1987) (per curiam) (affirming "district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues"); *Rice v. Astrue*, 2010 WL 3607474, at *2 (D.S.C. Sep. 9, 2010) ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."); *see also, e.g.*, *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016); *Landis*, 299 U.S. at 254 ("parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action"). Rather, a stay may be warranted where the resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253.

4

**I.     Courts in This Circuit Routinely Stay Proceedings to Await Appellate Guidance.**

Consistent with their discretionary power, courts in this Circuit routinely stay proceedings to promote judicial economy and efficiency where a higher court's ruling in the same or a related matter will bear on further proceedings. *See, e.g.*, *Hickey*, 1987 WL 39020, at *1 ("district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues"); *Neal v. Wal-Mart Stores, Inc.*, 2020 WL 9173106, at *1–2 (W.D.N.C. May 19, 2020) (staying case pending Supreme Court decision on related issue); *United States v. McClelland*, 2020 WL 901821, at *2 (W.D.N.C. Feb. 25, 2020) (staying case in light of "substantial overlap between the legal issues present here and those that the Fourth Circuit may itself soon decide [in another case]"); *Fowler-Bey v. Johnson*, 2018 WL 11476084, at *1–2 (D. Md. Nov. 30, 2018) (similar); *Collins v. S.C. Pub. Serv. Auth.*, 2006 WL 1851305, at *1 (D.S.C. June 30, 2006) (staying case pending resolution of similar cases pending before the Federal Circuit); *Cunningham v. Homeside Fin., LLC*, 2017 WL 5970719, at *2 (D. Md. Dec. 1, 2017) (staying case pending D.C. Circuit decision on central issue).

Courts in other Circuits have also stayed proceedings in similar circumstances. *See, e.g.*, *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Dawoudi v. Nationstar Mortg., LLC*, 2016 WL 8711604, at *2 (N.D. Ill. Sep. 16, 2016) ("Because a decision in

the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay . . . is warranted in this case."); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, 2009 WL 315610, at \*2 (D. Idaho Feb. 9, 2009) (staying case to avoid "the expenditure of unnecessary costs, expenses, and time" where appellate court's resolution of an issue would impact plaintiff's claims); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await appellate court's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, 2007 WL 2688858, at \*1 (D. Colo. Sep. 12, 2007) (staying proceedings pending appeal of preliminary injunction because appellate court's "determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

## II. A Temporary Stay of Proceedings Will Promote Judicial Economy and Conserve the Parties' Resources in This Case, and Will Not Prejudice Plaintiffs.

To decide whether to stay proceedings, courts "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Those factors include: (1) "the interests of judicial economy"; (2) the "hardship and equity to the moving party in the absence of a stay"; and (3) the "potential prejudice" to the non-moving

party in the event of a stay. *Landress v. Tier One Solar LLC*, 243 F. Supp. 3d 633, 646 (M.D.N.C. 2017). "Essentially, in considering whether to issue a stay, the Court "'must weigh competing interests [of the parties] and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254–55).

A.  Judicial Economy Favors a Stay Because the Supreme Court's Decisions in the *FCC* and *Slaughter* Cases May Be Dispositive of this Case.

The first factor, judicial economy, strongly favors a stay. The Supreme Court's resolution of the *FCC* cases may directly affect the outcome of Count I (Plaintiffs' *Jarkesy* claim). And its resolution of *Slaughter* could affect the outcome of Count II (Plaintiffs' Article II claim). In the absence of a stay, FERC would be required to respond to the Complaint, potentially through the filing of a dispositive motion, while the highly relevant *FCC* and *Slaughter* cases are still pending. Indeed, absent a stay, the Court may need to resolve a dispositive motion without the benefit of the Supreme Court's reasoning in the *FCC* and *Slaughter* cases.

B.  FERC Would Be Significantly Burdened if a Stay Is Not Granted.

The second factor also favors a stay. In the absence of a stay, FERC would have to devote substantial litigation resources to defending this action against a backdrop of significant uncertainty, in light of the highly relevant cases pending before the Supreme Court. Avoiding such costs favors a stay. *Accord, e.g.*, *CKC Props., LLC v . Town of Mt. Pleasant, S.C.*, 2024 WL 39067, at *6 (D.S.C. Jan. 3, 2024) (citing cases).

7

C.    Plaintiffs Are Not Prejudiced by the Temporary Stay Proposed Here.

Plaintiffs "do not oppose a stay pending the resolution of the Supreme Court's decision in *FCC v. AT&T*, *provided that the stay terminates immediately if FERC issues a penalty order against Plaintiffs before that time*" (emphasis added). Plaintiffs are not entitled to this contingency, which essentially seeks the same relief as their preliminary injunction motion, and the requested stay would not prejudice them for at least two reasons. First, the stay will be short in length, given the timing of the Supreme Court proceedings. Second, no penalty order against Plaintiffs has issued, and if it were to issue during the stay, Plaintiffs can elect not to pay. Interest, as this Court already held, would not begin to accrue at that point. ECF 43 at 26–29. Moreover, Plaintiffs could litigate the very challenges they bring here in a *de novo* district court proceeding to which FERC's administrative process already entitles them. *See* 16 U.S.C. § 823b(d)(3)(B).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further proceedings in this case pending the Supreme Court's resolution of the petitions for writ of certiorari in the *FCC* and *Slaughter* cases. In the interim, Defendants also respectfully request that the Court extend the current deadline to respond to the Complaint to 30 days after the Court rules on this stay request.

8

Dated: February 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Director
Federal Programs Branch

*/s/ Marianne F. Kies*
MARIANNE F. KIES
DC Bar No. 1023554
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-1819
Email: Marianne.F.Kies@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF WORD COUNT

I certify that this Motion complies with the word count limit set forth in Local Civil Rule 7.3(d). The number of words in this Motion, exclusive of the caption, signature lines, certificate of service, and any cover page or indices, according to the word count feature of the word processing software used to prepare the Motion, does not exceed 6,250 words.

Respectfully submitted,

*/s/ Marianne F. Kies*
MARIANNE F. KIES
DC Bar No. 1023554
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
Tel: (202) 353-1819
Email: Marianne.F.Kies@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/ Marianne F. Kies*
Marianne F. Kies

11