# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| American Efficient LLC and Affirmed Energy LLC,<br><br>                Plaintiffs,<br><br>      v.<br><br>Federal Energy Regulatory Commission, Laura V. Swett, David Rosner, Lindsay S. See, Judy W. Chang, and David A. LaCerte, *in their official capacities as Commissioners of the Federal Energy Regulatory Commission*,<br><br>                Defendants,<br><br>and<br><br>Citizens Utility Board of Illinois,<br><br>                Intervenors. | Case No. 1:25-CV-00068-TDS-JEP<br><br><br>**<u>STATUS UPDATE</u>** |

      Plaintiffs American Efficient LLC and Affirmed Energy LLC (collectively, "American Efficient"), write to apprise this Court of recent developments relevant to this litigation.

      On April 15, 2026, FERC issued a final enforcement order against American Efficient for $1.1 billion—including $410 million in disgorged profits to PJM Interconnection, L.L.C. ("PJM") and Midcontinent Independent System Operator, Inc.

1

("MISO") and $722 million in civil penalties. *American Efficient, LLC*, 195 FERC ¶61,043, at P 1 (2026) (attached as Ex. 1). The order purports to find that American Efficient violated the tariffs of PJM and MISO and engaged in unlawful market manipulation. *Id.* at P 11, 16. The order directs that "American Efficient shall make [the ordered] payments within 60 days." *Id.* at P 586.

On the same day FERC issued that penalty order, FERC also issued an order denying a complaint Affirmed Energy filed against PJM on July 15, 2024, for withholding Affirmed's posted collateral for the 2023/2024 Delivery Year.[1] In that order, FERC stated:

> A *Commission* or court order directing Affirmed to disgorge unlawfully obtained revenues from the PJM capacity market would create a financial obligation arising from Affirmed's participation in PJM Markets. *Failure to comply with such an order would be a default, for which PJM could draw upon the Restricted Collateral used to secure PJM against potential penalties for the 2023/2024 Delivery Year*.

*Affirmed Energy LLC v. PJM Interconnection, L.L.C.*, 195 FERC ¶ 61,044, at P 34 (2026) (attached as Ex. 2).

That statement could be read to suggest that FERC's penalty order creates a legal "obligation" to pay disgorgement within 60 days, on pain of default, for which FERC and

---

[1] There had been no substantive activity in the complaint docket since PJM's answer in November 2024. *See* Answer, *Affirmed Energy LLC v. PJM Interconnection, L.L.C.*, No. EL24-124-000 (Nov. 11, 2024).

2

the entities it regulates, such as PJM, could take action and impose penalties or otherwise impair the company's resources. If so, that statement is squarely contrary to FERC's representations in this case that "any … financial injury" from a penalty order would follow only after enforcement was "directed by an Article III federal judge or jury." ECF No. 19, Opp'n to PI Motion at 2.

Outside the language of FERC's order, PJM has already taken actions consistent with an interpretation that the penalty order itself "create[s] a financial obligation" for Affirmed. Ex. 2 at P 34. On April 16, the day after the FERC penalty order, PJM demanded an additional $60 million in collateral to secure Affirmed's "unreasonable credit risk," due at least in part to FERC's order. Ex. 3. The next day, PJM issued a letter stating that the collateral call would be deemed satisfied by PJM sweeping and withholding as collateral "$9.2M in capacity revenues otherwise payable to Affirmed" for its assets' performance for the remainder of the 2025/2026 Delivery Year, which concludes at the end of May 2026. Ex. 4. These actions underline the immediate, tangible, real-world effects of FERC's order.

Affirmed Energy has filed an application for rehearing of the order regarding collateral, including to clarify that pursuant to the Federal Power Act and consistent with the statements of FERC and the Department of Justice in this proceeding and others, only a final order from an Article III court requiring disgorgement would allow PJM to draw upon retained collateral. But if FERC does not correct the issue, in a timely fashion,

3

American Efficient anticipates moving to lift the stay in this Court and seeking reconsideration of the denial of its preliminary injunction motion.

Respectfully submitted this 26th day of May, 2026.

/s/ Mark A. Hiller

Mark A. Hiller
N.C. Bar No. 50004
Robinson, Bradshaw & Hinson, P.A.
1450 Raleigh Road
Suite 100
Chapel Hill, NC 27517
Phone: (919) 328-8800
mhiller@robinsonbradshaw.com

Cary B. Davis
N.C. Bar No. 36172
Robinson, Bradshaw & Hinson, P.A.
600 S. Tryon St.
Suite 2300
Charlotte, NC 28246
Phone: (704) 377-2536
cdavis@robinsonbradshaw.com

Seth P. Waxman[*]
Kelly P. Dunbar[*]
Wilmer Cutler Pickering
   Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Phone: (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
kelly.dunbar@wilmerhale.com

4

Suedeen G. Kelly[*]
John N. Estes, III[*]
Jenner & Block LLP
1099 New York Avenue N.W.
   Suite 900
Washington, D.C. 20001
Phone: (202) 639-6000
skelly@jenner.com
jestes@jenner.com

*Attorneys for Plaintiffs American Efficient
LLC and Affirmed Energy LLC*

*Specially appearing pursuant to Local
Rule 83.1(d)

5